63 49
81 280

J. T. OVERTON, Appellant, v. J. M. BROWN, Respondent.

Kansas City Court of Appeals, June 3, 1895.

Sales: FRAUD: RATIFICATION. On the facts, while the vendor may have been imposed upon by misrepresentation, yet, after ascertaining this fact, he voluntarily let the vendee keep the cattle, and accepted a payment on them from him, and he can not, therefore, claim the cattle in the hands of the defendant who is not connected with the fraud of the vendee.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*A. J. Smith* and *K. Monroe* for appellant.

(1). When there is any evidence at all to sustain an issue, a demurrer to the evidence should not be given, and all inferences that can reasonably be drawn from all the evidence will be in favor of the party standing on the evidence against which the demurrer is directed. *Wilson v. Board of Education,* 63 Mo. 137; *Brink v. Railroad,* 17 Mo. App. 177; *Fisher v. Railroad,* 23 Mo. App. 201; *Baum v. Frysear,* 85 Mo. 151; *Sage v. Reeves,* 17 Mo. App. 210, and a long line of authorities. The circumstances under which Simpson secured possession of the cattle constitutes larceny in him, if at the time he got possession of the same he intended to steal them, and the case should have gone to the jury on that theory. Bishop on Criminal Law [5 Ed.], secs. 812, 813 and notes, 18 Mo. 321; *State v. Williams,* 35 Mo. 229; *Hains v. State,* 7 S. E. Rep. (Ga.) 689; *Collins v. Ralli,* 20 Hun (N. Y.), 246; *People v. Camp,* 56 Mich. 548; *Johnson v. People,* 113 Ill. 99; 12 Am. and Eng. Encyclopedia of Law, pp. 772, 773 and

notes; *State v. Stone*, 68 Mo. 101. (2) The evidence also tends to show guilty knowledge upon the part of defendant Brown and his participation in the wrong, and 'should have been submitted to the jury for that reason.

*Burton & Wight* for defendant.

There being no evidence for plaintiff to predicate a verdict upon, the court committed no error in giving the peremptory instruction complained of. *Avery v. Fitzgerald*, 94 Mo. 207; *Long v. Moon*, 107 Mo. 339; *Perkins v. Railroad*, 103 Mo. 53.

ELLISON, J.—This is an action of replevin for several head of cattle. The court sustained a demurrer to the testimony offered in plaintiff's behalf. Plaintiff thereupon took a nonsuit, and, failing to have it set aside, appealed.

It seems that one Simpson went to plaintiff's house in the country, and bought of plaintiff the cattle in controversy, alleging that he was buying for one Fonderhose, a butcher in Nevada. That he made the purchase with the understanding that Fonderhose could not pay cash, but could pay in a few days. Plaintiff was to go into Nevada for the money. Plaintiff delivered the cattle to Simpson and he drove them off. Afterward plaintiff learned that Simpson had deceived him and that Fonderhose had not authorized the purchase. A few days after learning this, he found the cattle in the possession of defendant, the latter having purchased them. The next day after selling the cattle to Simpson for Fonderhose, as plaintiff supposed, plaintiff went into Nevada and called at Fonderhose's meat shop and said to him that Simpson had bought the cattle for him, that he, plaintiff, did not expect the

money that day, but wanted to get fifty cents worth of meat "on them." Fonderhose said he knew nothing of the cattle and had never authorized Simpson to buy them. Just at this time, Simpson was seen passing by, when Fonderhose called him in and told him of what plaintiff had said. Here there is a dispute as to whether a conversation took place between plaintiff and Simpson. Plaintiff testified that Simpson only talked with Fonderhose, and that he, plaintiff, had no conversation with him. Plaintiff, however, testified that Fonderhose told Simpson that he (plaintiff) "wanted a piece of meat on the cattle," and that Simpson got it for him and he went back home without further complaint, though he excuses himself by saying he knew he "was beat," and that he did not know what to do.

Fonderhose was introduced by plaintiff and testified that plaintiff wanted the meat; that, Simpson said to let him have it and charge it to him, Simpson; that plaintiff took the meat and went off, Simpson saying to him: "You come in next Wednesday and get your money;" plaintiff replying: "That is all right—the money is what I want." There was other testimony on other subjects, but what we have stated will suffice. From the foregoing it is apparent that, while Simpson may have imposed upon and made misrepresentation to plaintiff, yet, after plaintiff ascertained that Simpson had done so, he yet voluntarily let him keep the cattle and accepted a payment on them from him. In other words, he thus expressly recognized Simpson as the purchaser, and can not now claim the cattle in the hands of defendant, who was not shown to be connected with any fraudulent design or conspiracy to defraud him. The judgment must be affirmed. All concur.