Roberts v. Boulton.

---

B. F. ROBERTS, Appellant, v. H. C. BOULTON, Respondent.

St. Louis Court of Appeals, February 13, 1894.

1. **Practice Trial**: PRESERVATION OF EXCEPTIONS TO INSTRUCTIONS. An exception taken to the giving of an instruction is waived, if it is not urged as ground for new trial in the motion therefor.

2. **Sales**: RESCISSION FOR NONPAYMENT OF PURCHASE PRICE. When a sale made on a credit is absolute, and the vendee is invested with the title to, and the possession of, the chattels sold, the nonpayment of the purchase price—in this cause the nonperformance of work which the vendee had agreed to do as a consideration for the sale—is not ground for a rescission by the vendor.

*Appeal from the Warren Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED (*with directions*).

*Johnson & Drunert* for appellant.

When the defendant delivered the property in controversy to the plaintiff the sale of it was complete. The title passed with the delivery. *Kendall, etc., Co. v. Bain*, 46 Mo. App. 581; *Hamilton v. Clark*, 25 Mo. App. 428.

*J. W. Delventhal* and *L. J. Dryden* for respondent.

The verdict was for the right party and will not be disturbed for mere informality. *Garth v. Caldwell*, 72 Mo. 628; *Johnson v. Lockhaven*, 46 Mo. App. 463; *Rea v. Ferguson*, 72 Mo. 225; *Clarkson v. Jenkins*, 48 Mo. App. 122.

BOND, J.—This is an action of replevin, begun before a justice of the peace, for a pair of French meal burrs. There was a trial before the justice of the peace and an appeal to the circuit court. After a trial there and judgment for defendant, the plaintiff appeals to this court.

There was evidence tending to show that the appellant purchased the articles in controversy from the defendant upon agreement to pay therefor ten dollars, to be taken out in work in rebuilding a mill belonging to the defendant, which had been destroyed by fire; that thereupon the appellant took the burrs into his possession and put them into his own mill house, and ground corn with them for several months; that thereafter the respondent came to appellant's mill, and got the burrs and took them to a mill which the respondent had built, and attached them to the mill building by means of iron bolts running through the floor and sills.

The effect of respondent's testimony, taken as a whole, was to establish that he merely borrowed the burrs when he received them back again, and that, when appellant demanded their return, respondent wrote him, in substance, that he intended to hold them because of appellant's failure to perform the work originally agreed to be done as the purchase price of the articles.

It was conceded that the appellant never did any work for the respondent in rebuilding his mill as pay-

ment for the burrs. He, however, tendered respondent $10 in money when he replevied the articles, which tender was refused.

The instructions given by the court of its own motion are not before us for review. Although appellant excepted to them when given, he did not make this exception a ground of his motion for new trial. Such exceptions were, therefore, waived. *State v. Nelson*, 101 Mo. 477.

The instruction given by the court at the instance of respondent, which *is* complained of in the motion for a new trial, is a harmless abstraction on the subject of tender. That issue was not material to the case, and evidence in relation thereto was irrelevant.

The controlling question on this appeal arises under the assignment of error that there is no evidence to sustain the judgment. We are of opinion that this assignment is well taken. All the evidence goes to show that a sale and delivery of the articles in question was made by the respondent to the appellant for a consideration of work to be performed in the future. It was not competent, therefore, for respondent to retake the specific goods for the subsequent failure of appellant to do the work in question; nor could respondent borrow the goods thereafter, and retain them because of appellant's failure to perform the work agreed upon. The sale, although on a credit, was absolute, and vested the vendee with full title to, and possession of, the goods. There was no evidence of a rescission by consent, and there was no basis for a rescission as of right. The consequence is that there is no ground in this record upon which a judgment for title and possession in the respondent can be upheld.

The judgment herein is reversed, and the cause remanded with directions to enter judgment for appellant for possession and nominal damages. All concur.