METROPOLITAN RUBBER COMPANY, Respondent, v.
MONARCH RUBBER COMPANY, Appellant.

### St. Louis Court of Appeals, March 29, 1898.

1. **Practice, Trial**: EVIDENCE: PRACTICE, APPELLATE. The trial court ruled that a portion of certain correspondence was admissible in evidence, the attorney for defendant consented that the whole of said correspondence might be received in evidence. This admission precludes defendant on appeal from any objection on account of the reception in evidence of the whole correspondence between the parties.

2. **Instructions**: MOTION FOR NEW TRIAL: PRACTICE, APPELLATE. The law is too well settled in this state for a citation of authorities that in order to enable the appellate court to review the action of the trial court in giving or refusing instructions, exceptions must be taken by the appellant to the ruling of the court at the time the instructions are given or refused, and such exceptions must be renewed in the motion for a new trial.

3. **Sale**: WARRANTY: REASONABLE TIME TO NOTIFY VENDOR OF RESCISSION OF SALE. While the question of reasonable time, in its application to the duty of vendee to notify the vendor of a rescission of a sale of goods, is ordinarily one of fact to be determined by the jury, yet when the facts are admitted and the lapse of time is so great that no fair minded man with a knowledge of the circumstances of the case could hesitate to hold the delay unreasonable, it becomes the duty of the court to declare it such as a matter of law.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

H. M. POLLARD for appellant.

The court erred in its instruction given of its own motion, because it misrecited the facts therein and because it conflicted with the other instructions given. It was reversible error for the court to admit in evidence any portion of the order for goods except that

covering the goods in controversy, and it was likewise error in admitting in evidence the various letters between the parties concerning other goods than those in controversy for the reason that such evidence tended to prejudice the minds of the jury against the defendant, and the same was likewise irrelevant and immaterial. The law is well settled in this state that before one purchasing goods is bound to accept them, the vendor must show that the goods delivered were exactly like the goods sold, and unless he does make that proof, he can not recover. As was stated by this court in Calhoun v. Paule, 26 Mo. App. 274: "There is no doubt whatever that, where a contract of sale has been so far executed that the property has been delivered by the vendor and unconditionally accepted by the vendee in a subsequent action by the vendee for the purchase money, if the vendee pleads, as he may, a breach of an express warranty as a partial or total failure of consideration, the burden is on him to show that the warranty was broken." As to the other question, viz.: Did the defendant within a reasonable time notify plaintiff of its refusal to accept the goods? Certainly whatever was done after it did give the notice can not in any way throw any light on the question whether the notice was given in time. The counsel of plaintiff said and urged as a reason for introducing the subsequent letters that he desired to show that the defendant's reason for not accepting the coats was other than the one alleged. But that was not an issue; and the testimony bearing on that point had no tendency to prove the issue as to whether the goods were rejected in time. Therefore, I say that the testimony was derogatory and hurtful to the defendant. It may be argued that if the defendant did not within a reasonable time notify the plaintiff that it rejected the coats it makes no difference whether it had a right to reject

them or not. Admitting for the time that this is a correct proposition, still, the error is none the less which permitted the plaintiff to show to the jury by irrelevant testimony that the defendant rejected the coats for other grounds than those alleged by it. Especially is this so, since the evidence could but prejudice the minds of the jury against the defendant. For all of which reasons the judgment should be reversed.

CLOPTON & TREMBLY for respondent.

Under the proceedings there were only two questions before the jury. *First*. Was defendant indebted to plaintiff for goods, wares and merchandise sold and delivered by plaintiff to defendant? *Second*. Had defendant been damaged, as claimed by it in its answer, by reason of any failure on the part of plaintiff to deliver goods purchased by defendant from plaintiff? Any evidence which tended to prove or disapprove both or either of said propositions, was admissible. It is manifest that all of the evidence objected to by defendant bore directly on those issues. If the goods corresponded with the order, viz.: if they were a "job lot," within the meaning of the term as used by the parties in making the contract, then plaintiff was entitled to recover, notwithstanding the fact that the goods had been reshipped to plaintiff and stored by plaintiff subject to defendant's order. Lumber Co. v. Lumber Co., 51 Mo. App. 555; Crown Vinegar Co. v. Wehr, 59 Mo. App. 493. If defendant failed to reject the goods and notify plaintiff within a reasonable time after they arrived at defendant's store, then defendant was liable on plaintiff's cause of action, even though the goods did not comply with any warranties made by plaintiff. The only objection to the instruction given

by the court, of its own motion, is the fact that in this case it left it for the jury to say whether the goods, if they did not comply with the order, were rejected within a reasonable time. While it is usually a question of fact for the jury, still, under certain facts and circumstances, it becomes the duty of the court to declare that, as a matter of law, the goods were accepted and not rejected. The court should have instructed the jury that, as a matter of law, from July 6, 1896, to August 13, 1896, was an unreasonable time in which to determine whether the coats complied with plaintiff's alleged representations. It does not take long to determine whether a coat has a light or a dark lining. Defendant, therefore, is in no position to complain that the court gave it an additional loophole to escape liability by submitting the question to the jury. Gaus & Sons Mfg. Co. v. Mfg. Co., 42 Mo. App. 307; Tower v. Pauly, 51 Mo. App. 75.

BOND, J.—In a general order for goods given plaintiff by defendant on the nineteenth of June, 1896, to be shipped during the following fall and summer, was included the following item: "At once 342 Mens 350 Cape cts, as given by Mr. Dowse."

The item thus referred to was shipped by plaintiff on the twenty-ninth of June, and reached the store of defendant in St. Louis on the sixth day of July following. Upon an inspection of the shipment it was discovered that three hundred and fifty-seven rubber coats had been sent. It was further discovered that there was a difference in the linings of a large number of the coats from the lining of the sample which was exhibited to defendant at the time the order for this lot was given. Defendant testified that the purchase was made by it upon sample. Plaintiff's evidence tended to show that the purchase was made by defend-

ant of a "job lot," and not upon sample further than the goods should correspond in their general make to the sample exhibited at the time the order was given. On the thirteenth of August defendant notified plain tiff of its objections to the goods in question as not corresponding to sample and that it would reject the whole lot unless a reduction in price was given. Plaintiff refused to accept this proposal and insisted that it had complied with its contract of sale with defendant, and was entitled to the contract price of $1.95 per garment. After some further correspondence the goods were reshipped to plaintiff by defendant on the first of February, 1897. Plaintiff at once notified defendant that they would be stored subject to its orders, and that the contract price must be paid. Defendant declining to pay, plaintiff brought the present action for the contract price of the goods. Defendant interposed a general denial and also a counterclaim for damages, based upon the alleged failure of plaintiff to comply with its contract of sale. There was a trial and a verdict and judgment for plaintiff, from which defendant has appealed to this court.

But two errors are assigned in this court. *First,* the admission in evidence of the correspondence between the parties which ensued after the order for the goods was given. An examination of the record discloses that, upon the ruling of the trial court that a portion of this correspondence was admissible in evidence, the attorney for defendant consented that the whole of it might be received. This precludes defendant on appeal from any objection on account of the reception in evidence of the letters between the parties. The next error assigned relates to the instructions. An examination of the record discloses that

EVIDENCE:
practice, trial:
practice,
appellate.

the court gave one instruction of its own motion, several instructions at defendant's request, and did not give any instructions at plaintiff's request. The only complaint in the motion for new trial on the subject of instructions is the "granting of improper instructions asked by plaintiff."

The law is too well settled in this state for a citation of authorities that in order to enable the appellate court to review the action of the trial court in giving or refusing instructions, exception must be taken by the appellant to the ruling of the court at the time the instructions are given or refused, and such exception must be renewed in the motion for new trial. As the motion for new trial in this case does not complain of the instruction given by the court of its own motion, that instruction is not properly before us for review. Griffith v. Hanks, 91 Mo. 109; State v. Nelson, 101 Mo. loc. cit. 480; Roberts v. Boulton, 56 Mo. App. 405. While this disposes of the errors assigned and warrants an affirmance of the judgment, the same result would follow irrespective of the correctness of the rule of law stated in the court's instruction, for the reason that it is conceded by defendant that the goods sued for were delivered to it on the sixth day of July, 1896, and that it gave no hint or intimation to plaintiff of any intention to rescind the contract of sale for breach of warranty, until the thirteenth day of August following. While the question of reasonable time, in its application to the duty of a vendee to notify the vendor of a rescission of a sale of goods, is ordinarily one of fact to be determined by the jury, yet when the facts are admitted and the lapse of time is so great that no fair-minded men with a knowledge of the circumstances of the case could hesitate to hold the delay unreasonable, it becomes the

*INSTRUCTIONS: practice, appellate.*

duty of the court to declare it such as a matter of law. Tower v. Pauly, 51 Mo. App. 75, and cases cited.

In the case at bar it is shown by defendant's letters that it was anxious to have the goods in dispute delivered *at once*. If the purchase was made upon a warranty, it became the duty of defendant immediately after the reception of the goods, to inspect them for the purpose of ascertaining whether or not any defects covered by the warranty existed, and if such were found to give immediate notice thereof to plaintiff (if defendant intended to rescind the contract on that ground), in order to enable plaintiff to escape unnecessary loss or depreciation in value of the goods. This duty of timely action was peculiarly incumbent on defendant, who being a merchant was aware that the value of goods is often dependent on quick sales and is seriously impaired if they can not be disposed of until the season proper for their use has expired. It is clear to us that no fair-minded men could differ in their judgment as to the nature of the delay on the part of the defendant in inspecting the goods and notifying plaintiff thereof as the ground of its attempted rescission, and that for this reason the court should have instructed the jury that plaintiff was entitled to recover on its cause of action. There being no complaint as to the finding of the jury on the counterclaim set up by defendant, it follows that the judgment in this case, from any point of view, must be affirmed. It is so ordered. All concur.