J. SAM BROWN, Appellant, v. W. J. MAYS, Respondent.

Kansas City Court of Appeals, April 24, 1899.

1. **Appellate Practice**: EXCEPTIONS TO INSTRUCTIONS: MOTION FOR NEW TRIAL. It is not enough to save exceptions to instructions at the time they are given, but the giving of such instructions must be made the ground for rehearing in the motion for new trial so that the trial court will have an opportunity to correct its own errors or the appellate court will not consider such action.

2. **Trial Practice**: SUFFICIENCY OF EVIDENCE: PROVINCE OF JURY: MISCONDUCT. Where the testimony of the witnesses is conflicting and there is no physical fact to clearly determine the conflict, there is a proper case to go to the jury who are the sole judges of the credibility of the witnesses and the preponderance of the evidence; and this case was properly sent to the jury and their verdict is free from suspicion and misconduct.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

J. B. JOHNSON for appellant.

(1) Statements made by a vendor or his agent as to cost price of the subject-matter of the trade, however false they may be, are no grounds for avoiding the sale or an action of damages for deceit. Garrett v. Wannfried, 67 Mo. App. 437, 441; Cahn v. Reid, 18 Mo. App. 127. (2) Instructions must be consistent and not misleading, and based on the plead-

ing and the evidence. Authorities unnecessary. (3) The appellate court will reverse where the verdict of the jury is the result of passion or prejudice. Authorities unnecessary.

W. M. Bowker for respondent.

(1) Where all the instructions taken together, contain a complete exposition of the law of the case, the verdict will be sustained, although some of the instructions, taken separately, are incomplete and subject to criticism. Hughes v. Railway, 127 Mo. 447; Implement Co. v. Ritchie, 143 Mo. 587, 607; Ins. Co. v Hauck, 83 Mo. 21. (2) The statute provides, and it is so held by all the authorities, that an error complained of, in order to entitle a party to a reversal therefor must be one that resulted in prejudice to his rights.

SMITH, P. J.—This is an action which was brought on a promissory note. The answer admitted the execution of the note and pleaded a counterclaim based on certain fraudulent representations made by plaintiff to defendant in relation to the subject-matter of the transaction, of which the note sued on was a part. There was a trial resulting in judgment for the defendant, and plaintiff appealed.

The plaintiff objects that the instructions given by the court both at the request of the defendant and on its own motion are erroneous in expression. It is true that the plaintiff excepted to the action of the court in giving

APPELLATE practice: exceptions to instructions: motion for new trial.

of said instructions, but no complaint is made of such action in the motion for a new trial. Error in the giving of instructions must be made the ground for a new trial in the motion filed for that purpose and if this is not done the instructions can not be reviewed by this court. It is not enough that exceptions are saved at the time the instructions are given. The reason of the rule is that the trial court must be called upon to correct its own errors made during the progress of the trial and this is done by specifying the grounds upon which the new trial

Brown v. Mays.

is asked. We can not therefore notice plaintiff's objections to the defendant's instructions. State v. Nelson, 101 Mo. 477; Roberts v. Boulton, 56 Mo. App. 405.

But the plaintiff further contends that under the evidence adduced the verdict should have been for him instead of for the defendant. A careful consideration of the evidence has convinced us that it was *prima facie* sufficient to entitle the defendant to recover on his counterclaim. The plaintiff maintains that there was no evidence tending to prove that Brown acted as the agent of the lumber company in negotiating the trade with defendant for the sale to him of the half interest in the four head of horses. The testimony of both the defendant and the witness Robinson tends to prove such agency. It appears from the record that the testimony of the plaintiff and his witnesses in many material respects conflict with that of defendant. As far as we are able to discover, the witnesses whose testimony so conflicts were equally credible and had equal opportunities of knowing the facts about which they testified. The plaintiff exceeded the defendant in the quantity but not in the quality of the evidence; or, in other words, the plaintiff introduced the greater number of witnesses to maintain the issue in his behalf. The jury are the sole judges of the credibility of the witnesses and of the preponderance of the evidence. There were no undeniable physical facts shown by the evidence in the case which tended to weaken or destroy the probative force of the defendant's testimony. It was a very proper case to leave to the determination of the jury. We do not feel that we are authorized by the evidence to conclude that the verdict was the result of passion or prejudice. It was a case in which the jury on the evidence might have found either way without subjecting themselves to the suspicion of misconduct. We think there was evidence adduced sufficient to justify the verdict, which is conclusive on us.

The judgment must be affirmed. All concur.