GEORGE VIERTEL, Plaintiff in Error, v. J. W. and B. F. SMITH, Defendants in Error.

Kansas City Court of Appeals, January 8, 1894.

1. **Sales**: WARRANTY: RESCISSION: REASONABLE LIEN: JURY QUESTION. The vendee of a chattel on breach of warranty may rescind the contract and recover back the purchase price, yet he must act within a reasonable time, which is ordinarily a question for the jury; but where, as in this case, the delay is without excuse or fair explanation, the courts will as a matter of law declare the same unreasonable.

*Error to the Cooper Circuit Court.*—HON. D. W. SHACKELFORD, Judge.

AFFIRMED.

*John Cosgrove* for plaintiff in error.

(1) The demurrer admitted everything which the evidence fairly tended to prove, but challenged its sufficiency in law. *Rine v. Railroad*, 32 Mo. App. 634; 2 Thompson on Trials, sec. 2267; *Jackson v. Ins. Co.*, 27 Mo. App. 62; *Rine v. Railroad*, 100 Mo. 228. (2) The plaintiff was entitled to a reasonable time in which to test the machine and to enable him to ascertain whether it complied with the warranty upon which it was sold. *Implement Co. v. Leonard*, 40 Mo. App. 477; *Werner v. O'Brien*, 40 Mo. App. 483; *Johnson et al. v. Agr. Co.*, 20 Mo. App. 100; *Harned v. Railroad*, 51 Mo. 482. (3) What is a "reasonable time," is, as a general rule, a question for the jury and must be determined from the peculiar facts of each case. Starke on Evidence [9 Am. Ed.] 769; 2 Thompson on Trials, secs. 1530, 1531, 1532, 1533, 1534; *Skeen v. Engine and Thresher Co.*, 34 Mo. App. 485; *Way v. Braley*, 44 Mo. App. 457; *Werner v. O'Brien*, 40 Mo. App. 483; *Tower v. Pauley*, 51 Mo. App. 75. (4) "Reasonable time" means as soon as circumstances permit, as soon as there has been an opportunity to ascertain whether the article sold possesses the qualities it was guaranteed to possess. Bishop on Contracts [Enlarged Edition]. sec. 680; 2 Thompson on Trials, sec. 1531; *Bell v. Railroad*, 6 Mo. App. 369; *McCormick, v. Basel*, 50 Iowa, 523. (5) The plaintiff had a right to rely on the letter of the warranty. He had a right to rescind as soon as he ascertained that the machine would not "do good work in all kinds of grain." *Bronson v. Turner*, 77 Mo. 495;

*Werner v. O'Brien, supra; Leonard v. Implement Co.,* 40 Mo. App. 477.

*Draffen & Williams* for respondent.

(1) The plaintiff was not entitled to recover under the evidence submitted in this case, and the lower court properly so instructed the jury. The defendants did not warrant the machine for all future time, and did not engage with the plaintiff, that it would continue during all coming years to do good work. (2) It was evidently not intended by the parties, that the plaintiff should keep the machine for two years on trial before returning it, if found defective. The sale and warranty was on the fourteenth of September, 1889. A promissory note was given for the purchase price, to become due after the harvest of 1890. This would indicate the time that the parties intended for the trial of the machine. (3) The plaintiff was bound to make his election to rescind the contract and return the property within a reasonable time. What is a reasonable time, when the facts are admitted, and there is no dispute in regard to them, is a matter of law. *Johnson v. Whitman Agricultural Co.,* 20 Mo. App. 100; *Tower v. Pauley,* 51 Mo. App. 75; 2 Thompson on Trials, section 1542; *Clark v. Wm. Deering & Co.,* 45 N. W. Rep. 456.

GILL, J.—On September 14, 1889, the plaintiff purchased from the defendants a Wood harvester and binder, and at the time defendants gave their written guarantee that the machine would "do good work in all kinds of grain." The plaintiff at the time of the purchase gave his note therefor in the sum of $120 due one year after date. When this note matured (September 14, 1890) plaintiff without objection paid the same to one Woolridge who had purchased it before maturity. In the fall of 1891, just two years after

purchase of the harvester and binder, plaintiff offered to return the machine to defendants for the alleged reason that it would not work well and demanded the return of the purchase money. Defendants refused, and this suit was brought. At the close of plaintiff's evidence the court sustained a demurrer to the testimony; plaintiff suffered an involuntary nonsuit and brings the case here by writ of error.

The question is, was the trial court justified, under the evidence, in declaring, as matter of law, that the plaintiff was not entitled to recover. In our opinion the court ruled correctly and its judgment must be affirmed.

The plaintiff bought this machine and took it to his farm in September, 1889, but he did not attempt a rescission of the contract and demand a return of the purchase money until September, 1891. The rule of law is well understood that, while the vendee of a chattel may on the breach of the warranty thereof rescind the contract and recover back the purchase price, yet the vendee must act with reasonable expedition; must within a reasonable time test the article, offer to restore the property and demand back his money. *Tower v. Pauly*, 51 Mo. App. 75; *Johnson v. Whitman Agricultural Co.*, 20 Mo. App. 100.

As to what is a reasonable time in such cases is generally a question for the jury, or the trier of the facts; but, as in many other such cases, the time may be so long, and the delay in offering to rescind may be so entirely without excuse or fair explanation, that the courts will as matter of law declare the same unreasonable.

The time taken by the plaintiff, within which to test the machine in controversy, was, as we think, clearly unreasonable; the delay of two years was not explained by any fair consideration of the circum-

stances shown by the testimony. The harvester was purchased in September, 1889, and while this was at the close of the harvesting season of that year and the plaintiff doubtless excused for not testing the machine that year, still he had ample time and opportunity during the season of 1890 for a thorough trial thereof. The plaintiff testified that he did use the harvester in cutting his own grain in the season of 1890 and that it worked satisfactorily, but he further says that his grain was light that season, and that he did not detect the fault in the machine until he used it in the heavy crop he raised in 1891. However, it does not appear but that there was heavy grain in the neighborhood during the season of 1890 where he might—without any inconvenience—have fully tested the machine.

The judgment was for the right party and will be affirmed. All concur.

