WORLD PUBLISHING COMPANY, Appellant, v. JAMES HULL, Respondent.

**Kansas City Court of Appeals, October 30, 1899.**

RESCISSION: DELAY: DEMURRER. If one seeks to rescind a contract of sale of personal property, he must exercise the right within a reasonable time after the happening of the cause which gives him such right; and where the delay is for such period as to be unquestionably without cause, the court may so declare as a matter of law.

Appeal from the Buchanan Circuit Court.—*Hon. M. K. James*, Judge.

AFFIRMED.

*Geo. W. Groves* for appellant.

(1)  The action of the trial court in instructing the jury to bring in a verdict in favor of the defendant (respondent) was error.   The defendant (respondent) was not entitled to the possession of the motor under any circumstances.   He claimed possession, first, by reason of the writ of attachment in his hands, and, second, he claimed that the plaintiff was not entitled to possession of same because Mrs. Morton B. Crowther was the owner of a note and mortgage given by the Times Company.   The sheriff had no authority to attach any property belonging individually to George C. Crowther.   (2) A conditional sale of a machine, under which the title does not pass to the vendee until the payments provided for are made, will not enable the mortgagee of the house in which the machine is placed to sell the same at a foreclosure sale under mortgage of the house and all machinery therein, or to be thereafter placed therein, although he had no notice of the terms of sale.   Machine Works v. Trisler, 21 Mo. App. 69. (3)  The statute of frauds does not affect this case in the least. The testimony on behalf of plaintiff (appellant) showed that the motor was sold direct to George C. Crowther, individually. No testimony was offered showing, or tending to show, that George C. Crowther ever disposed of the property.   It was bought by George C. Crowther on condition that he make and execute his note and mortgage for the purchase price.   Brunswick & Balke Co. v. Martin, 20 Mo. App. 158; Worley v. Watson, 22 Mo. App. 546; Parmlee v. Catherwood, 36 Mo. 479; Dannefelser v. Weigel, 27 Mo. 45; Mfg. Co. v. Culp, 85 Mo. 548.

*J. F. Woodson* and *J. B. Shackelford* for respondent.

It is the well established rule in this state that if either party to a contract of sale desire to rescind the contract on account of the default or fraud of the other party, he must act

within a reasonable time after the discovery of the facts which would entitle him to treat the contract as rescinded. Lapp v. Ryan, 23 Mo. App. 436; Robbins v. Phillips, 68 Mo. 100; Johnson v. Agricultural Co., 20 Mo. App. 100; Tower v. Pauly, 51 Mo. App. 75; Viertel v. Smith, 55 Mo. App. 617; Heating Co. v. Gas Fixture Co., 60 Mo. App. 149; Overton v. Brown, 63 Mo. App. 49; Com. Co. v. Railway, 52 Mo. App. 408; Taylor v. Short, 107 Mo. 385. (2) Where the delay is clearly unreasonable, or is without excuse or fair explanation, the court will as a matter of law declare the same unreasonable. Tower v. Pauly, 51 Mo. App. 75; Viertel v. Smith, 55 Mo. App. 617; Johnson v. Agricultural Co., 20 Mo. App. 100; Heating Co. v. Gas Fixture Co., 60 Mo. App. 149.

ELLISON, J.—This action is replevin wherein plaintiff seeks to recover the possession of a "twelve-horse-power electric motor." Defendant is the sheriff of Buchanan county and claims possession of the property under a levy of a writ of attachment issued at the instance of the Graham Paper Company against the St. Joseph Times Printing & Publishing Company. The trial court directed a verdict for defendant.

The plaintiff's claim of title is that it sold the motor to George C. Crowther individually, he, however, being president of the Times Printing Company with the understanding and agreement that Crowther would execute to it a note for the purchase price secured by chattel mortgage on the motor. Crowther refused, or at least failed to do this after repeated demands that he should do so. Plaintiff did not take any steps to reclaim the property or disaffirm the sale until several months afterwards and after the levy of the attachment writ. The printing company took possession and exercised acts of ownership over the property and claimed title thereto through said Crowther, who was its president.

The court's peremptory instruction for defendant was based on the idea that while plaintiff may have had the right

to disaffirm the sale and maintain replevin, yet the rescission should have been made upon the discovery of Crowther's fraud on failing to execute the note and mortgage, and by delaying to assert the right without excuse for a period of several months it lost the right and hence could not now be allowed to prevail over the plaintiffs in the attachment suit against the printing company. In this view the trial court was right. If one seeks to rescind a contract of sale of personal property he must exercise the right within a reasonable time after the happening of the cause which gives him the right. Cahn v. Reid, 18 Mo. App. 115; Robbins v. Phillips, 68 Mo. 100; Johnson v. Whitman Agricultural Co., 20 Mo. App. 100; Tower v. Pauly, 51 Mo. App. 75; Viertel v. Smith, 55 Mo. App. 617; Steam Heating Co. v. Gas Fixture Co., 60 Mo. App. 149; Overton v. Brown, 63 Mo. App. 49; Johnson-Brinkman Com. Co. v. Railway, 52 Mo. App. 408; Taylor v. Short, 107 Mo. 385. And in instances where the delay is for such period as to be unquestionably without cause the court may so declare as a matter of law.

This view renders unnecessary any comment on other suggestions found in plaintiff's brief. The judgment is affirmed. All concur.