## HARRY R. EMERY et al., Respondents, v. G. H. BOEHMER SHOE COMPANY, Appellant.

#### St. Louis Court of Appeals, November 12, 1912.

1. **SALES: Rescission: Restoration of Status Quo: Necessity of Prompt Action: Shoes.** In order to rescind a contract of sale on account of a defect in the goods sold, it is necessary for the vendee to disaffirm at the earliest practicable moment after discovery of the defect, to return to the vendor all that has been received under the contract, and to restore him to the condition he stood in before the contract was made; and these requirements are especially pertinent to the sales of goods like shoes, which are known to be manufactured in accordance with changing styles.

2. ———: ———: **Reasonable Time: Question of Law or Fact.** While, ordinarily, the question whether the rescission of a sale was made within a reasonable time is for the jury, yet where the facts are admitted and the lapse of time is such that fair-minded men would hold the delay unreasonable, it becomes the duty of the court to declare the right of rescission lost, as a matter of law.

3. ———: ———: ———: ———: **Facts Stated.** A purchaser of shoes, shipped in two different consignments—one received April 29 and the other May 11—who unpacked the shoes upon receipt, and, after having sold a number of pairs and kept them in stock until May 25, attempted on that date to rescind on account of defects, is *held* to have delayed an unreasonable time, and, by reason thereof, lost the right to rescind, as a matter of law.

4. ———: **Action for Purchase Price: Pleading: General Denial: Failure of Consideration.** Under a general denial, the defendant, in an action for the price of goods sold, cannot establish a partial failure of consideration by showing that they were not in accordance with the sample.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*D. D. Holmes* for appellant.

(1) This was a sale by sample, and there was an implied warranty that the goods sold would be of qual-

ity equal to the sample. Voss v. Maguire, 18 Mo. App. 477; Fruit Co. v. Lane, 101 Mo. App. 712; Schoenberg v. Loker, 88 Mo. App. 387.   (2)   The contract of sale in this case is what is known as an executory contract, in which there was an implied warranty from plaintiff to defendant that the shoes would be merchantable. Mechem on Sales, sec. 1340; Atkins Bros. v. Grain Co., 119 Mo. App. 119; Cereal Co. v. Lumber Co., 125 Mo. App. 326; Milling Co. v. Burgher, 122 Mo. App. 14; Brewing Ass'n v. McEnroe, 80 Mo. App. 429; Moore v. Moore, 83 Me. 473; Babcock v. Trice, 18 Ill. 420; Halloway v. Jacoby, 120 Pa. St. 583; English v. Spokane Com. Co., 57 Fed. 451; Gould v. Stein, 149 Mass. 570; Briggs v. Hilton, 99 N. Y. 517.   (3)   Where there is a warranty, either express or implied, in the sale of goods, and a breach of the warranty, the purchaser may rescind the contract and return the goods, or he may retain the goods and show the breach of warranty as a partial or total failure of consideration when sued for the contract price.   Atkins Bros. Co. v. Grain Co., 119 Mo. App. 119; Schoenberg v. Loker, 88 Mo. App. 387; Brewing Assn. v. McEnroe, 80 Mo. App. 429; Voss v. Maguire, 18 Mo. App. 477; Birdsall Co. v. Keys, 99 Mo. App. 458; Brown v. Wardon, 99 Mo. 564; Steele & Wire Co. v. Symons, 110 Mo. App. 41; Branson v. Turner, 77 Mo. 489; Werner v. O'Brien, 40 Mo. App. 483; Moore v. Moore, 83 Me. 473; Babcock v. Trice, 18 Ill. 420; Halloway v. Jacoby, 120 Pa. St. 583; English v. Spokane Com. Co., 57 Fed. Rep. 451; Gould v. Stein, 149 Mass. 570; Briggs v. Hilton, 99 N. Y. 517.   (4)   The peremptory instruction for plaintiff should not have been given, but the issues should have been submitted to the jury.   Gannon v. Gas Co., 145 Mo. 502; Johnson v. Grayson, 230 Mo. 380; Dulaney v. Sugar Refining Co., 42 Mo. App. 659; Dodd v. Guiseffi, 100 Mo. App. 311; Hiegumin & Co. v. Hinds, 97 Mo. App. 346; Poplar Bluff v. Hill, 92 Mo. App. 17; Chinn v. Railroad, 100 Mo. App. 576; Whitson v. Bank, 105

Mo. App. 605; Hitt v. Hitt, 150 Mo. App. 631; sec. 1968, R. S. 1909.

*Claud D. Hall* for respondents.

The peremptory instruction to find for plaintiff was proper. (1) For the reason that the evidence disclosed that the shoes were manufactured and delivered in accordance with the particular specifications of the order. (2) For the reason that on account of the nature and character of the shoes manufactured and delivered, and the fact that they were placed in stock and marked by the defendant, and by reason of the unreasonable time elapsing before defendant attempted to return the shoes, the defendant became bound to retain the shoes. Pierson v. Crooks, 115 N. Y. 540; Gurney v. Railroad, 58 N. Y. 358; Reed v. Randell, 29 N. Y. 358; Manufacturing Co. v. Allen, 53 N. Y. 513; Iron Co. v. Pope, 108 N. Y. 232; Moorehouse v. Comstock, 42 Wis. 626; Hargous v. Stone, 5 N. Y. 73; Baird v. Mayor of New York, 96 N. Y. 598; Watson v. Bigelow, 77 Conn. 174; Lee v. Bangs, 43 Minn. 23; Rosenfeld v. Swenson, 45 Minn. 190; Jones v. McEwan, 91 Ky. 373; Studer v. Bleistein, 115 N. Y. 316; Tower v. Pauley, 51 Mo. 85; Boss v. McGuire, 18 Mo. App. 477; Manley v. Crescent Nov. Co., 103 Mo. App. 135; Viertal v. Smith, 55 Mo. App. 617; Rubber Co. v. Rubber Co., 74 Mo. App. 266. (3) The question of whether the time elapsing from the receipt of the shoes to the date the defendant attempted to return the goods was a reasonable time, was for the court. Rubber Co. v. Rubber Co., 74 Mo. App. 266; Tower v. Pauley, 51 Mo. App. 84; Johnson v. Agricultural Co., 20 Mo. App. 100; Manley v. Crescent Nov. Co., 103 Mo. App. 135; McKeen v. Bank, 74 Mo. App. 281; State ex rel. v. Hall, 45 Mo. App. 298; Skeen v. Engine Co., 34 Mo. App. 485. (4) The law requires not only a disaffirmance of a

167 Mo. App. 45

contract at the earliest possible moment after discovery of a defect, but a return of all that has been received under it and a restoration of the other party to the condition in which he stood before the contract was made.   Cobb v. Hatfield, 46 N. Y. 537; Baird v. New York, 96 N. Y. 598; Pierson v. Crooks, 115 N. Y. 539; Tower v. Pauley, 51 Mo. App. 85.

NORTONI, J.—This is a suit on an account for goods sold and delivered, amounting in all to $1405.15, with interest thereon.   At the conclusion of all of the evidence, the court peremptorily instructed a verdict for plaintiffs and defendant prosecutes the appeal.

Plaintiffs are copartners and as such engaged in the business of manufacturing shoes in Massachusetts. Defendant is a retail shoe merchant in St. Louis.   It appears that defendant purchased the shoes involved, by sample, through plaintiffs' salesman, and they were manufactured by plaintiffs and shipped accordingly. The shoes were shipped in two consignments.   The first consignment was received by defendant at its store in St. Louis on April 29, 1908, and the second consignment on May 11, of the same year.   Immediately upon the receipt of the shoes (April 29 and May 11) defendant unpacked and placed them in stock for sale.   Upon unpacking the shoes, defendant marked each pair with a lead pencil, indicating the size, width, stock, make, pair, price, etc., and commenced selling therefrom to the trade.   After having sold a number of pairs of shoes and kept them in stock for about two weeks, defendant, on May 25, 1908, wrote plaintiffs to the effect that lot numbers 231 and 232 were checked and the buckles on pumps were tarnished and, therefore, they did not deem it advisable to keep them and asked shipping instructions from plaintiffs.   In due course, plaintiffs replied that they expected defendant to keep the shoes as they were manufactured for them and no complaint had been made within a reasonable

time. Finally, on June 12, defendant returned the shoes to plaintiffs, but they refused to receive them.

Upon this showing, the court instructed a verdict for plaintiffs on the theory that defendant had waived its right to rescind the contract of purchase through not acting promptly with respect to the matter. It is urged the court erred in this ruling, but we are not so persuaded. Defendant had sold some of the shoes and made no effort to return all of them to plaintiffs. Indeed, it tendered only such as remained unsold in its store at the time. The law not only requires a disaffirmance of a contract of sale at the earliest practical moment after discovery of the defect, but a return of all that has been received under it and a restoration of the vendor to the condition in which he stood before the contract was made. [See Tower v. Pauly, 51 Mo. App. 75; Cobb v. Hatfield, 46 N. Y. 533, 537.] Indeed, it stands upon the most obvious justice and equity that the seller should be apprised promptly if there is any objection and the vendee intends to reject the goods, so that he may retake possession or resell the goods and save himself as far as practical from loss. [See Pierson v. Crooks, 115 N. Y. 539.] Especially are these principles pertinent to the sale of goods like shoes, which are known to be manufactured in accordance with changing styles. As to such goods, rescission should be made with promptness for the reason that delay may entail considerable loss upon the seller. Frequently the value of goods depends in a large measure upon quick sales and, therefore, unless the contract is immediately rescinded, it is impossible to place the seller *in statu quo*.

But it is said the question as to whether rescission was made within a reasonable time was one for the jury, and the court erred in peremptorily directing a verdict for plaintiffs. There can be no doubt that ordinarily the question of reasonable time is one of fact to be determined by the jury, yet, when the facts are

admitted and the lapse of time is such that fair-minded men with a knowledge of the circumstances of the case would not hesitate to hold the delay unreasonable, it becomes the duty of the court to declare it such as a matter of law. This court has frequently so declared and the rule of decision is now well established, as will appear by reference to the following cases in point: Metropolitan Rubber Co. v. Monarch Rubber Co., 74 Mo. App. 266; Tower v. Pauly, 51 Mo. App. 75; Long v. International, etc. Machine Co., 158 Mo. App. 662, 139 S. W. 819; Manley v. Crescent Novelty Mfg. Co., 103 Mo. App. 135, 77 S. W. 489. According to the prior course of decision, the court very properly directed a verdict for plaintiffs on the admitted facts above stated, for it appears that plaintiffs must have been possessed of full knowledge concerning the shoes, as they unpacked, marked and placed the first lot in stock on April 29, and the second lot in stock on May 11, and made no complaint touching the same until May 25, or about two weeks after handling by pairs the second shipment. In Metropolitan Rubber Co. v. Monarch Rubber Co., 74 Mo. App. 266, a lot of rubber coats which had been purchased by plaintiff from defendant by sample were received by plaintiff on July 6 and held in stock for seven days, or until July 13, when they were rejected and a rescission declared by the purchaser. Upon these facts this court ruled that it was proper for the trial court to declare as a matter of law that the right of rescission had been waived through the omission of the purchaser to act promptly, or, in other words, that the delay in rejecting the coats was an unreasonable one.

But it is argued, as the evidence reveals that the shoes were not according to sample, defendant was by the peremptory instruction denied its right to have the diminution in value determined by the jury. Defendant's answer is a general denial and contains no plea whatever of a failure or partial failure of considera-

tion. However, the argument is, that it was competent for defendant to show a partial failure of consideration under the general denial and have the amount of recovery mitigated through the diminished value of the shoes because of their defective condition. There is nothing whatever in the record suggesting that any such theory was advanced at the trial, and the proposition thus asserted seems to have originated with counsel since the appeal was made. But be that as it may, we are not inclined to hold that a failure or partial failure of consideration may be shown in this State under a general denial, for the Supreme Court has heretofore declared the contrary, as will appear by reference to Williams v. Mellon, 56 Mo. 262; see also Smith Co. v. Rembaugh, 21 Mo. App. 390, to the same effect. However, a remark in Voss v. Maguire, 18 Mo. App. 477, would seem to indicate that a contrary rule obtained, but in view of the Supreme Court decision above cited, the proposition asserted by the Kansas City Court of Appeals in that case by Judge HALL is without authority here.

For the reasons stated, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.