J. C. TURNER, RESPONDENT, v. THE NATIONAL BENEVOLENT SOCIETY,
A CORPORATION, APPELLANT.*

Springfield Court of Appeals.  May 20, 1930.

*Corpus Juris-Cyc References: Evidence, 22CJ, section 16, p. 72, n. 69;
p. 73, n. 72; Life Insurance, 37CJ, section 414, p. 618, n. 93; section 437,
p. 635, n. 21.

*Henson & Woody* for appellant

464

*Abington, Abington & Freer* for respondent.

COX, P. J.—Action upon an insurance policy. Plaintiff recovered and defendant appealed.

The petition was in the usual form and alleged that a policy was issued to Patsy Turner, wife of plaintiff, with plaintiff as beneficiary; the death of the insured and that the insured and plaintiff had fully complied with all the terms and provisions of the policy on their part.

The answer admitted the incorporation of the defendant, the issuance of the policy with plaintiff as beneficiary, the death of the insured and denied generally all other allegations of the petition. It then further alleged that defendant was a fraternal benefit society and that the policy contained a provision as follows: "These benefits do not cover the following disabilities or their results, viz.: paralysis, disease of the heart or its organs, tuberculosis, venereal or chronic diseases, insanity, intoxication or fighting." It then alleged that the death of the insured was caused by tuberculosis and

for that reason defendant was not liable on the policy. The reply was a general denial.

At the trial it was admitted that plaintiff was the husband of the insured and was the beneficiary in the policy. That all dues had been paid at the date of the death of the insured and proof of death had been made. The plaintiff testified that his wife died August 10, 1928, in City Hospital No. 2 in St. Louis, Missouri. That she had been afflicted about four or five months. Plaintiff then introduced the policy and rested.

The defendant then introduced in evidence a certified copy of the death certificate issued by the State Registrar of Vital Statistics of the State Board of Health. This certificate was signed by Dr. J. J. Thomas who was connected with the hospital where the insured died and had attended her while confined in the hospital. This certificate contained a statement that the cause of death was "Potts disease of lumbo sacral spine." This same doctor testified by deposition as a witness for defendant that her death resulted from Potts disease, which is tuberculosis of the spine and there were no other complications or conditions that contributed to produce the death. The plaintiff in rebuttal introduced Dr. Clay who testified that he treated the deceased in June and July of 1928 and that she went to the hospital the next week after she was at his office the last time. He testified that she was afflicted with an abscess on the outside of her hip which was discharging a large amount of blood and that in his judgment the hemorrhage from the abscess caused her death. He saw her the last time about twelve days before she died and he found no indication of Potts disease and that the time was too short after he saw her last for her to have contracted that disease and for that disease to have caused her death.

There was a direct conflict between these two doctors as to the cause of the death of the insured. The defendant then introduced Dr. Henrickson who corroborated Dr. Thomas. After the introduction of all the evidence the defendant asked a peremptory instruction to the jury to find in its favor. This was refused.

The court instructed the jury that the burden of proof was upon defendant to establish the allegation that the insured's death was caused by tuberculosis and that raises the chief question on this appeal. The appellant seeks to invoke in its favor the rule that when plaintiff relies upon a presumption of fact to make out a prima-facie case and defendant proves what were the actual facts, then the presumption disappears and plaintiff's prima-facie case goes with it and if no other evidence is offered the defendant is entitled to a directed verdict and cites a large number of cases which uphold that proposition. These cases correctly state the law on the facts therein recited but we do not think them applicable to this case. The plaintiff in this case made a prima-facie case without

the aid of any presumption of fact. His case was made by proof of the issue and delivery of the policy, the payment of all premiums, the death of the insured and proof of death as required by the policy. As an affirmative defense the answer alleged that the insured's death was caused by tuberculosis which was excepted from the policy and was not covered by it. When an insurance company pleads an exception provided in the policy and relies upon it as a defense, it is an affirmative defense and as in all other pleas of affirmative defense the burden of proof is on the defendant to sustain it. [Fetter v. Fidelity & Casualty Co., 174 Mo. 256, 269, 73 S. W. 592; Heinricks v. Royal Neighbors of America, 292 S. W. 1054; Bathe v. Metropolitan Life Insurance Co., 152 Mo. App. 87, 132 S. W. 743.]

Appellant insists that when it offered the certified copy of the death certificate which stated that the cause of death was tuberculosis, which, under our statute, section 5816, Revised Statutes 1919, is made prima-facie evidence of the facts therein stated that it then devolved upon plaintiff to produce evidence that her death was not caused by tuberculosis and as a result the burden of proof was then on plaintiff to prove that negative fact and that condition made the instruction that the burden of proof was on the defendant to prove that the insured died of tuberculosis erroneous. The burden is always on the plaintiff to prove the facts that will warrant a recovery and that burden never shifts. When any essential part of that proof is supplied by a presumption of fact and defendant proves what were the actual facts and that proof shows the facts to be different from the presumption of fact relied on by plaintiff, then plaintiff must produce other evidence to meet the facts proven by defendant and if he does not produce it, defendant is entitled to a directed verdict. [Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854; Downs v. Horton, 287 Mo. 414, 230 S. W. 103; Glassman v. Harry, 182 Mo. App. 304, 170 S. W. 403.]

The same rule must apply to a defendant when an affirmative defense is pleaded in the answer. As to that defense the burden of proof is on defendant and like the plaintiff in the first instance, that burden never shifts but remains with the defendant throughout the trial. The death certificate can be given no greater force than should be given to any other evidence that would, prima-facie, have sustained the defense pleaded as an affirmative defense that the insured's death was caused by tuberculosis and did not relieve the defendant of the burden of establishing that fact nor shift to plaintiff the burden of proving the negative of that fact in such a way as to relieve the defendant of the burden to show that the insured's death was caused by tuberculosis. Had plaintiff offered no evidence to show that the insured's death was not caused by tuberculosis, then in that event, by reason of the fact that the death certificate

is made, by statute, prima-facie evidence of the facts therein stated, the court should have instructed the jury to find for defendant but since plaintiff offered evidence to rebut that prima-facie showing, the burden of that issue did not shift and it was then a question for the jury.

Appellant asserts in its brief that plaintiff's evidence shows that the insured's death was the result of chronic ulcer which was also excepted from the policy and for that reason the demurrer to the evidence should have been sustained. The evidence does not sustain that contention.

The point is made that error was committed in the closing argument of counsel for plaintiff. Objection was made at the time which was sustained by the court and the jury told to disregard the statement of counsel. We are of the opinion that the error was cured and did not affect the result.

The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.