DANIEL O. HAMILTON *vs.* STERLING MOTOR TRUCK CO. OF NEW ENGLAND.

JUNE 10, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. By this bill in equity the complainant is seeking a decree enjoining the respondent from negotiating certain promissory notes and directing respondent to repay to the complainant the amount of cash received—together with said notes—by respondent from complainant pursuant to an agreement for conditional sale of a motor truck. The

cause is here on complainant's appeal from a decree of the Superior Court dismissing the bill.

On May 27, 1930, the truck was delivered to the complainant who, in February, 1931, wrote to the respondent stating that he rescinded the contract for breach of warranty. At this time the truck was being held by the respondent for non-payment of certain of said notes.

Complainant testified that on the sixth day after receiving the truck he notified the respondent of the fact that grease was leaking from the differential into the emergency brake, causing it to be ineffective; that the respondent promised to remedy the defect and made ineffectual attempts to do so on several occasions when the truck was brought to respondent's service station; that complainant did not return the truck until six weeks or more after he was directed by the respondent to do so; and that he used the truck during the greater part of seven or eight months.

The respondent was not required to produce evidence. According to the uncontradicted testimony of the complainant, the respondent's efforts to remedy the defect were on a number of occasions unsuccessful. Whether the final attempt was successful the complainant did not know because he did not return to examine the truck after being told that the defect had been remedied.

The trial justice found that the complainant did not within a reasonable time notify the respondent of his election to rescind. The complainant argues that he was justified in waiting because of the respondent's promise to remedy the defect, but it appears from his own testimony that there was a delay of six weeks before the truck was returned the first time. When the complainant finally elected to rescind, it was impossible for him to place the respondent *in statu quo;* the truck, in addition to being second-hand, had performed hard service for several months.

Section 7 (3), Chapter 309, General Laws 1923, provides that: "Where the goods have been delivered to the buyer he cannot rescind the sale if he knew of the breach of war-

ranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer." See *Monast* v. *Manhattan Life Ins. Co.*, 32 R. I. at 576; *Dooley* v. *Stillson*, 46 R. I. 332.

We think the court was warranted in finding from the testimony of the complainant that he was not entitled to rescind at the time he attempted to do so.

Complainant's counsel in argument before us suggested that, as a court of equity had rightfully accepted jurisdiction of the cause, the court, notwithstanding its finding that the complainant was not entitled to rescind the contract, should have retained jurisdiction and proceeded under the general prayer for relief to determine the rights of the parties.

It is unnecessary to consider this contention. The trial court was not requested to retain jurisdiction. There was no evidence as to the amount of complainant's damages.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Edward M. Sullivan, John J. Sullivan*, for complainant.
*Percy W. Gardner, Ada L. Sawyer*, for respondent.