236 S.W.2d 382 (1951)
WINSCOTT
v.
FRAZIER et al.
No. 21397.
Kansas City Court of Appeals. Missouri.
January 8, 1951.
William M. Stringer, Moberly, Luman Spry, Fayette, for appellant.
Don C. Carter, Sturgeon, Ralph Alexander, Columbia, for respondents.
SPERRY, Commissioner.
Plaintiff sued Downtown Motors, Inc., a Columbia, Missouri, corporation, Wm. H. Frazier, Manager of its Moberly branch, and American Loan Company, seeking damages based on the sale to plaintiff of a used automobile, the title to which was not delivered to, or transferred to plaintiff, at the time the sale was consummated. The Loan Company financed the unpaid balance of the automobile. The cause was tried to the court and resulted in judgment for defendants. Plaintiff appeals.
Plaintiff had purchased a used Packard from defendant Downtown Motors and, on October 30, 1948, traded it to the company for a used Buick. At that time he owed a balance of $670, principal, on the Packard, the loan being owned by the American Loan Company.
Plaintiff testified to the effect that the Downtown Motors was to transfer the Packard loan to the Buick and receive $177 cash difference, which he paid at that time; that he signed new loan papers, in blank, and authorized the Motor Company to fill them out, transferring the encumbrance to the Buick; that he did not receive title to the Buick at that time but was told that it would be delivered later; that a few days later he received a notice from the Loan Company to the effect that it held an encumbrance on the Buick in the total amount of $1003.65, payable monthly; that he immediately complained to the Motor Company that the amount was more than that agreed on, and thereafter continued to remonstrate; that he considered selling the Buick and wrote the Loan Company, November 29, requesting the balance due; that the Loan Company wrote him that *383 the balance was $1003.65 but, if paid immediately, the amount acceptable would be $883.80; that he paid the first installment on December 4; that he received the title on December 2, signed in blank by a former owner and by the Motor Company; that he took it to the license bureau where the blank title was filled out and a notary seal affixed; that he later received a title, in his name; that he made a second installment payment on December 20; that, in January, 1949, he determined to pay no more on the obligation, but did not so inform the Loan Company or the Motor Company; that he continued to use the automobile until it was repossessed, under the loan, about March 1, 1949.
Evidence in behalf of defendants was to the effect that plaintiff was to pay $300 difference between the cars, $177 cash and the balance by chattel mortgage on the Buick, including the unpaid balance of the Packard note; that the Buick loan value limit was but $843, which necessitated a cash payment of $177. This proved to be $3 short of the amount needed to make up the full cash difference the Motor Company claimed was to have been paid. The balance of the note represented interest and insurance, according to defendant's evidence.
Plaintiff in his petition, bases his right to recover on the fact that defendants failed to deliver to him, at the time the transaction took place, or at any time thereafter, a certificate of title, duly indorsed and acknowledged in the form prescribed by the commissioner of motor vehicles. His testimony was that Downtown Motors never appeared before a notary to acknowledge the transfer. Pearl v. Interstate Securities Company, Mo.Sup., 206 S. W.2d 975, 978. Plaintiff cannot maintain suit for damages for non-performance of an illegal contract. Pearl v. Interstate Securities Company, supra, 206 S.W.2d 977.
However, he argues here that, since there were 15 payments to be made on the chattel, the contract is executory, and that he may rescind. He will not be permitted to change theories in this court. Dutton v. Prudential Insurance Company, 238 Mo. App. 1058, loc. cit. 1074, 193 S.W.2d 938.
If the suit were one for recovery of money paid, it could only have been maintained while the contract remained executory, that is, before delivery and acceptance of title. Pearl v. Interstate Securities Company, supra; and plaintiff had accepted title long prior to institution of this suit. In any event, before he could recover money paid, or property delivered, (on the theory that the contract was void) he must have repented of his illegal act, rescinded the contract, and offered to restore defendants to their condition prior to entering into the contract. Riss & Company v. Wallace, 239 Mo.App. 979, 195 S. W.2d 881, 886; Stone v. Kies, Mo.App., 227 S.W.2d 85, 88. Plaintiff has neither rescinded the contract or attempted to rescind it; nor does the evidence show that he tendered back the automobile in as good condition as it was in when he received it. Failure to rescind and tender back within a reasonable time after discovery of grounds therefor constitutes a bar to recission, as a matter of law; and rescission was not attempted within a reasonable time. Stone v. Kies, supra. True, defendants took possession of this automobile after demanding same; but there is no evidence tending to prove what its condition was when defendants received it back, even if it could be said that surrender of the automobile, under conditions here shown, constitutes evidence of rescission and restoration, and even if such rescission occurred within a reasonable time, which it did not.
However, this is a suit for damages growing out of an illegal contract and it cannot be maintained. Pearl v. Interstate Securities Company, supra.
The judgment should be affirmed.
BOUR, C., concurs.
PER CURIAM.
The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.
All concur.