STATE of Missouri, (Plaintiff) Respondent,

v.

Freddie Lee CLEMMONS, (Defendant) Appellant.

No. 29178.

St. Louis Court of Appeals. Missouri.

Nov. 15, 1955.

Morris A. Shenker, and Wm. R. O'Toole, St. Louis, for appellant.

Wm. J. Geekie, Pros. Atty., and Jasper R. Vettori, Associate Pros. Atty., St. Louis, for respondent.

MATTHES, Judge.

Defendant was convicted in the St. Louis Court of Criminal Correction, Division No. 1, of failing to deliver certificate of ownership of a motor vehicle to the purchaser thereof. Sections 301.210, 301.440 (all statutory references are to RSMo 1949, and V.A.M.S.); Personal Finance Co. of Missouri v. Lewis Inv. Co., Mo.App., 138 S.W.2d 655. Finding the defendant guilty, the judge of said court before whom the cause was tried without a jury, sentenced the defendant to ninety days' imprisonment in the City Workhouse. The defendant has appealed.

Defendant failed to file a brief, but a transcript of the proceedings was lodged in this court. Therefore, under Section 547.270, it becomes our duty to examine the record proper for errors, and our further duty to examine the transcript of the record for errors, if any, under Section 547.030, properly assigned in defendant's motion for a new trial. State v. Jones, Mo.Sup., 227 S.W.2d 713; State v. Walker, Mo.App., 110 S.W.2d 780.

Turning to the motion for new trial, we find the first four assignments therein are: (1) the verdict is against the evidence; (2) the verdict is against the law in this case; (3) the verdict is against the weight of the evidence; (4) the court erred in admitting irrelevant testimony. It is well settled that such assignments are wholly insufficient, and are too general to

preserve anything for review. State v. Harmon, Mo.Sup., 296 S.W. 391; State v. Derrington, Mo.Sup., 137 S.W.2d 468; State v. Hall, Mo.Sup., 102 S.W.2d 878; State v. Grove, Mo.Sup., 204 S.W.2d 757.

■ The final two assignments in defendant's motion for new trial are: (5) the court erred in permitting prejudicial and improper statements by the Prosecuting Attorney; (6) the court erred in permitting the Prosecuting Attorney to exceed the limits of cross-examination. It is readily observable that said assignments fail to comply with Section 547.030 in that neither sets forth in detail and with particularity wherein the Prosecuting Attorney made improper statements, or in what manner the court permitted the Prosecuting Attorney to indulge in improper cross-examination of the defendant. Consequently we must hold that assignments 5 and 6 preserve nothing for our review. State v. Johnson, 362 Mo. 833, 245 S.W.2d 43; State v. Bagby, 338 Mo. 951, 93 S.W.2d 241(4); State v. Hagerman, Mo. Sup., 244 S.W.2d 49(15); State v. Moore, Mo.App., 2 S.W.2d 138(2).

■ We have examined and find the information sufficient. It charged defendant with failing to deliver certificate of ownership of an automobile to the person purchasing the same at the time of the delivery of the vehicle, Section 301.210; violation of the provisions of said section subjected the defendant to punishment by fine or jail sentence, or both, Section 301.440; Personal Finance Co. of Missouri v. Lewis Inv. Co., supra. The judgment has also been examined, and it, too, meets the requirements of the law in a case of this kind. Allocution was not granted to the defendant, but in misdemeanor cases it is not mandatory upon the court to make inquiry of the defendant if there is any legal reason why sentence should not be pronounced before the court does so, and a failure to afford allocution to the defendant does not invalidate the judgment. Section 546.580; State v. Anderson, Mo.App., 232 S.W.2d 212; State v. Legan, Mo.Sup., 80 S.W.2d 122.

Finding no error in the record before us, the judgment is affirmed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.