JOHNSON et al., Respondents, v. MERCANTILE TOWN MUTUAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, July 9, 1906.

INSURANCE: Iron-Safe Clause: Books of Account. Where the owner of a stock of goods insured, contrary to the provisions of the iron-safe clause of his policy, kept no books showing the amount of purchases or cash sales, but kept only a book showing goods sold on credit and it was not in the iron safe, but consumed by fire which destroyed the goods, he violated the terms of his policy and could not recover for their destruction, although he afterwards procured invoices of the goods purchased and introduced evidence to prove the value of the goods at the time of the fire.

Appeal from Taney Circuit Court.—*Hon. John Moore,*
Judge.

REVERSED AND REMANDED (*with directions*).

*Fyke & Snider* for appellant.

The court erred in overruling defendant's demurrer
to plaintiffs' evidence. The evidence shows without dis-
pute, in fact plaintiffs admitted that they had not kept
books as required by the policy. 13 Am. and Eng. Ency.
of Law (2 Ed.), p. 355. Ins. Co. v. Wilkinson, 13 S. W.
1103; Kelly Goodfellow Shoe Co. v. Ins. Co., 28 S. W.
1027; Ins. Co. v. Allen, 24 So. (Ala.) 399; Id., 30 So. 537;
Ins. Co. v. Brownell, 62 Ark. 43, 34 S. W. 83. Ins. Co.
v. Parker, 61 Ark. 207; Western Assurance Co. v. Al-
therium (58 Ark.), 25 S. W. 1067; Ins. Co. v. Stubbs, 98
Ga. 754, 27 S. E. 180; Ins. Co. v. Sprague, 8 Ind. App.
275; Goldman v. Ins. Co., 48 La. 220; Jones v. Ins. Co.,
38 Fed. 19; Ins. Co. v. Forehand, 169 Ill. 626, 48 N. E.
830; Lozaro v. Ins. Co., 78 Fed. 278; Sowers v. Ins. Co.,
85 N. W. (Ia.) 763; Roberts v. Ins. Co., 48 S. W. (Tex.)
559; Davis v. Ins. Co., 78 N. W. (Wis.) 596; Ins. Co.
v. Crist, 56 S. E. 658; Redunson v. Ins. Co., 34 So. (Ala.)
18; Keet Rountree D. G. Co. v. Ins. Co., 100 Mo. App.
504, 74 S. W. 469; Fire Assn. v. Calhoun, 67 S. W.
(Tex.) 153; Hester v. Ins. Co., 41 S. E. (Ga.) 522; Crig-
ler v. Ins. Co., 49 Mo. App. 11; Gibson v. Ins. Co., 82 Mo.
App. 515; Howerton v. Ins. Co., 105 Mo. App. 575, 80
S. W. 27; Ins. Co. v. Allen, 77, Pac. (Kan.) 529.

*Price & Ford* for respondents.

(1) The court did not err in overruling defendant's
demurrer to plaintiffs' evidence, as there was abundant
evidence on which to submit the case to the jury. This
was a total loss both of the building and of the stock of

merchandise contained therein, and the rule is that the measure of damages shall be the full amount for which the same was insured. R. S. 1899, sec. 7969; O'Keefe v. Ins. Co., 140 Mo. 558; Burnett v. Ins. Co., 68 Mo. App. 343; Meyer Bros. v. Ins. Co., 73 Mo. App. 166. (2) The provisions of the policy requiring the taking of an inventory and keeping a record of purchases and sales, was for the purpose of arriving at the amount of goods destroyed, and was in this case complied with. Burnett v. Ins. Co., 68 Mo. App. 343; Malin v. Ins. Co., 105 Mo. App. 625, 80 S. W. 56. (3) The fact that plaintiffs kept books, although they were imperfect, is not material, as the evidence abundantly shows that at the time of the fire plaintiffs had on hands goods to the amount of $6,500 or $7,000, which was largely in excess of the amount for which they were insured. Hanna v. Ins. Co., 109 Mo. App. 152, 82 S. W. 1115. (4) When the whole record in a case discloses that a judgment appealed from is for the right party, it is the imperative duty of the appellate court to affirm it notwithstanding erroneous instructions may have been given, and errors committed in the admission of evidence. Long v. Coal Co., 56 Mo. App. 611; Cass Co. v. Bank, 157 Mo. 137, 57 S. W. 736; Wagner v. Electric Co., 82 Mo. App. 300; Bank v. Wells, 98 Mo. App. 578; McGannon v. Ins. Co., 171 Mo. 154, 71 S. W. 160; Edmonston v. Jones, 98 Mo. App. 92.

STATEMENT.—On January 31, 1905, for a consideration of eighty-seven dollars to it paid by plaintiffs, defendant issued and delivered to them its policy of insurance, insuring them against loss by fire for one year as follows: five hundred dollars on their frame store building located in the town of Brown Branch, Taney county, Missouri, and thirty-five hundred dollars on their stock of general merchandise kept in said store. On October 22, 1904, the store building and its contents were totally destroyed by fire. The suit is on the policy to recover

the full amount of the insurance. Defendant admitted its liability to pay the five hundred dollars insurance on the store building. In respect to the insurance on the stock of merchandise, the defendant set forth in its answer the following stipulations contained in the contract of insurance, and alleged the failure of plaintiff to comply with said stipulations, warranty and conditions:

"2. The assured shall keep a set of books which shall clearly and plainly present in detail a complete condition of business transacted, including all purchases, sales and shipments of said stock, both for cash and credit from the date of the inventory, provided for in the first section of this clause, and during the continuance of this policy.

"3. The assured shall keep such books and inventory and also the last preceding inventory, securely locked in a fireproof safe at night and at all times when the building mentioned in this policy or the portion thereof containing the stock described therein, is not actually open for business; or failing in this the assured shall keep such books and inventories at night and at all such times in some place not exposed to a fire which would ignite or destroy the aforesaid building; and in case of loss the assured specifically warrants, agrees and covenants to produce such books and inventories for the inspection of said company.

"4. In the event of failure on the part of assured to keep and produce such books and inventories for the inspection of this company, this entire policy shall be null and void and such failure shall constitute a perpetual bar to any recovery thereon."

Plaintiffs' evidence shows that in November, 1903, Johnson, one of the plaintiffs, bought the stock of goods from one Adams, at which time duplicate invoices of the goods then on hand were taken. The invoice retained by Johnson was destroyed when the store burned. The duplicate was produced, identified and read in evidence.

Without taking any invoice, on an estimate that there was fifty-five hundred dollars worth of goods on hand, Thomas, the other plaintiff, in December, 1903, bought an interest in the store and became the partner of Johnson. Plaintiffs kept no books showing the amounts of their purchases or cash sales. The only book they kept was a book of accounts of the goods sold on credit. This book was left on top of the safe and was destroyed the night of the fire. The bills or invoices of purchases furnished by the wholesale dealers from whom plaintiffs bought goods were also consumed in the fire. Plaintiffs had an iron safe but testified there was no room in it for these bills or invoices. Until the first of April plaintiffs kept no account whatever of cash sales. It appears they operate a flour mill at Brown Branch, bought some wheat and sold flour. About the first of April they commenced to keep a cash account, but the receipts of the store and the mill were counted up at the end of each day and the gross sum entered in the cash book as one item; so that plaintiffs were unable to state how much cash was received on account of sales of goods on any day during the time the cash account was kept. After the fire the plaintiffs wrote to the wholesale houses from whom they had purchased goods (after the date of the policy) asking for duplicates of the bills of their purchases. The following are samples of the answers they received:

"Springfield, Mo., Nov. 5, 1904.
"Messrs. Johnson & Thomas:
  "Dear Sirs: In regard to the job lot shoes you purchased, believe it was August the third and fourth, the amount was $29 (twenty-nine dollars). Sorry for your misfortune.
                                        "Respectfully,
                                              "A. TYLER."

Springfield, Mo., Oct. 1, 1904.
"Mr. Adam Johnson & Thomas,

"Brown Branch, Mo.
"To Rogers & Baldwin Hardware Co., Dr.

Due in                    Wholesale Hardware.

Due After                    313, 315 South St.

"This statement is not a demand for bills not due.
If incorrect, please advise us. For all accounts due, we
desire a prompt remittance. Past due bills subject
to sight draft. Interest charged at eight per cent on
overdue accounts.

| 1904. | April 5 | Mdse.......................$ 3.30 |
| | April 18 | Mdse..................... 29.70 |
| | May 23 | Mdse..................... 45.73 |
| | June 16 | Mdse..................... 18.78 |
| | June 20 | Mdse.................... 1.16" |

Over the objections of the defendant these letters
or statements were admitted in evidence. Plaintiff in-
troduced other evidence, consisting of the mere opinions
of the witnesses, tending to show the stock of merchan-
dise on hand at the time of the fire was as good and as
valuable as the stock on hand at the date of the policy.

It was admitted that the defendant is a town mu-
tual insurance company, incorporated and doing busi-
ness under the laws of this State. Defendant offered
no evidence.

At the request of the plaintiffs the court gave the
following instruction to the jury:

"You are instructed that under the law and evi-
dence in this case, the plaintiffs are entitled to recover
the sum of $500 for the loss of the building, and the
sum of $3,000 for the loss of the stock of merchandise,
and ten per cent damages on the whole amount, or $350
for their damage, together with a reasonable attorney's
fee."

The following instruction asked by the defendant
was refused:

"The court instructs the jury that under the pleadings and evidence, the plaintiffs are not entitled to recover as far as the insurance on the stock of merchandise is concerned, and you will find for the defendant as to the insurance on the stock of merchandise."

The jury returned the following verdict:

"We, the jury, find the issues for the plaintiffs in the sum of $500 for the loss of their building, and the sum of $3,000 for the loss of merchandise, together with six per cent from December 20, 1903, and ten per cent damages, and an attorney's fee of $200."

Defendant filed a timely motion for new trial, which the court overruled, whereupon defendant duly appealed to this court.

BLAND, P. J. (after stating the facts).—Numerous errors intervened on the trial of the cause, but if it was error to refuse defendant's instruction in the nature of a demurrer to the evidence, it is useless to discuss the other errors.  The evidence for the plaintiffs is conclusive that they did not keep the books they agreed to keep, except a book of credit sales, and they did not keep this book in the iron safe and it was destroyed by fire.  There is no evidence tending to prove a waiver of the stipulations set forth in defendant's answer.

In regard to what is commonly called "the iron-safe clause" in policies of insurance, in 13 Am. and Eng. Ency. of Law (2 Ed.), p. 355, it is said:  "It has now become well settled by adjudications which have multiplied rapidly during the few years of its existence, that this clause is not only reasonable but even desirable and that in ordinary cases it will be enforced."

In Crigler v. Ins. Co., 49 Mo. App. 11, the Kansas City Court of Appeals, and in Keet-Rountree Dry Goods Co. v. Ins. Co., 100 Mo. App. 504, 74 S. W. 469, this court held that compliance on the part of the insured with the iron-safe clause was a condition precedent to his right of recovery, that, in effect, the warranty was

an affirmative one and if breached avoided the contract
of insurance.   An affirmative warranty consists of repre-
sentations in the policy of facts then existing.   As the
iron-safe clause consists of representations of things to
be done in the future, it seems to us the warranty is not
an affirmative one but a promissory one, and a failure to
substantially comply with it does not avoid the contract
of insurance, but defeats the right of recovery.   This
is the view taken by the United States Circuit Court of
Appeals, in Western Assurance Co. v. Reeding, 68 Fed.
708, and approved by Joyce on Insurance at section
2063, vol. 3, and we think the great weight of authority
coincides with this view.   [Virginia F. & M. Ins. Co. v.
Morgan, 90 Va. 290; The Niagara Fire Ins. Co. v. Fore-
hand, 169 Ill. 626; Southern Ins. Co. v. Parker, 61 Ark.
207; Scottish Union and National Ins. Co. v. Stubbs, 98
Ga. 754; Roberts, Willis & Taylor Co. v. Sun Mutual
Ins. Co., 48 S. W. (Texas) 559; Sowers v. Mutual Fire
Ins. Co., 113 Iowa 551.]   Numerous other cases of the
same tenor and effect are collected in a footnote on pages
710, 711, 712 and 713, 51 L. R. A.

The petition alleges, that the plaintiffs duly per-
formed all the conditions required of them by the terms
of said policy.   The answer denies this allegation and
pleads, specially, a breach of the promissory warranty
to keep books, inventories, etc.   Thus the specific issue
of the breach of the warranty to keep books, inventories,
etc., was raised by the pleadings, and the burden was on
the plaintiff to show affirmatively a substantial compli-
ance with said promise.   The evidence is all one way
that they utterly failed to keep and perform this prom-
ise, literally or substantially, and there being no evi-
dence whatever that defendant waived its performance
the defendant's peremptory instruction should have
been given.

The judgment is therefore reversed and the cause
remanded with directions to the trial court to enter

judgment for plaintiff for five hundred dollars, the amount of the insurance on the house, with six per cent interest thereon per annum from the date the same should have been paid under the terms of the policy. *Nortoni, J.,* concurs; *Goode, J.,* absent.