### ACTION ON POLICY OF LIFE INSURANCE.

Court of Appeals for Highland County.

THE METROPOLITAN LIFE INSURANCE COMPANY v. DAVID HILLARD.

Decided, December 23, 1913.

*Life Insurance—Conditions Precedent in Contract Require a Showing of Performance—Burden of Proof.*

A life insurance policy contained the following clause: "provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

*Held:* That the clause is a condition precedent and the burden of proof was cast upon the plaintiff to show that at the date of the policy the insured was alive and in sound health.

Error to the Court of Common Pleas of Highland County, Ohio.

This case originated in the court of a justice of the peace of Highland county, Ohio.

The action was founded on a policy of insurance issued by the plaintiff in error on December 11, 1911, on the life of Elsie Hillard, who was the wife of defendant in error. Elsie Hillard died March 18, 1912.

The petition pleaded the issuance of the policy, the payment of all premiums, and that said Elsie Hillard and plaintiff duly performed all the conditions of said policy on their part to be performed.

The defendant, in its answer, pleaded the following stipulation which is found in the body of the policy of insurance:

"Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

The answer also contained the averment that on the date of the policy, December 11, 1911, Elsie Hillard was not in sound health, but was afflicted with tuberculosis, from which she died.

The trial court was requested to instruct the jury that the burden was upon the plaintiff to show that the insured was in sound health when the policy was issued, which instruction was refused, but the trial court did instruct the jury that in order that the insurance company may be entitled to a verdict in its favor the burden is upon it to prove that on the date of the policy Elsie Hillard was not in sound health.

This action of the court, in refusing to instruct as requested, and in giving the instruction stated, is the single assignment of error in the case.

*L. B. Yaple, Wilson & McBride* and *Miles Townsend,* for plaintiff in error.

*J. G. Whitaker* and *J. S. Riley,* contra.

SAYRE, J.; WALTERS, J., and JONES, J., concur.

The precise question for determination here is not decided in the Howle case, 62 O. S., 204; 68 O. S., 614.

The learned trial judge seems to have based his ruling on the case of *Piedmont & Arlington Life Ins. Co.* v. *Ewing,* 92 U. S., 377 (23 L. Ed., 610), where it is held that:

"The burden of proving the truth of the answers in an application for insurance does not rest on the insured or his representative in an action on the policy."

But the Federal Supreme Court in that case held that the answers were merely warranties; and the courts, almost without

exception, have held that where there is a defense of a breach of warranty in an application for insurance, the burden of proof as to that defense is on the insured

The view taken by the trial court is sustained by the following cases: *Chambers* v. *Northwestern Mutual Life Ins. Co.* (Minn.), 67 N. W., 367; *Murphy* v. *Metropolitan Life Ins. Co.* (Minn.), 118 N. W., 355; *Francis* v. *Mutual Life Ins. Co.* (Oregon), 106 Pac., 323, and *Bathe* v. *Metropolitan Life Ins. Co.* (Mo.), 132 S. W., 743. In *Murphy* v. *Metropolitan, etc., supra,* the court, on page 356 of the opinion, says:

"Therefore, if the insured was not in fact in sound health on the date of the policy, the defendant is not liable unless it has waived the defense. The burden of alleging and proving such fact was on the defendant. This, for practical reasons, has become the settled law of this state."

While the Bathe, Chambers, Murphy and Francis cases, *supra,* support the ruling of the trial court, the majority of the decisions on this question, so far as our investigation has gone, support the view that the burden is on the plaintiff. *Mohr* v. *Prudential Ins. Co.,* 78 Atl., 554; *Packard* v. *Metropolitan Life Ins. Co.,* 72 N. H., 1 (54 Atl., 287); *Johnson* v. *Merchantile Town Mut.,* 96 S. W., 697; *Hennessy* v. *Metropolitan Life Ins. Co.,* 52 Atl., 490; *Barker* v. *Metropolitan Life Ins. Co.,* 74 N. E., 945; *Lee* v. *Prudential Life Ins. Co.,* 203 Mass., 299 (decided October 19, 1909); *Anders* v. *Life Ins. Clearing Co.,* 62 Neb., 585; *Volker* v. *Metropolitan Life Ins. Co.,* 21 N. Y. Sup., 456; 25 Cyc., 719.

It will be seen from the authorities above referred to that while the stipulation in the policy under consideration may be a warranty it is more than that—it is a condition precedent. The promise of the defendant was conditional, and it became absolute only in the event that on the date of the policy the insured be alive and in sound health.

The authorities above quoted from, which hold that the burden is on the defendant, do not show that this clause in the policy above quoted is not considered a condition precedent, but the burden in those cases was placed on the defendant "for prac-

tical reasons." *Murphy* v. *Metropolitan Life Ins. Company,* *supra.*

In view of the fact that such clause in the policy is a condition precedent the provisions of Section 11339, General Code, become highly important:

"In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part. If such allegation be controverted, the party pleading must establish, on the trial, the facts showng such performance."

The plaintiff below pleaded, generally, that he and the insured performed all the conditions on their part to be performed, which was strictly in accordance with the statute, but the defendant then pleaded this condition precedent or rather averred the non-existence of a fact or state—sound health—which constituted the condition precedent and a failure to comply with it. Under the provisions of Section 11339, it then became imperative, on the part of the plaintiff, to prove that at the date of the policy the insured was alive and in sound health. This threw the burden on the plaintiff, and the failure to so charge was prejudical error.

The judgment of the court of common pleas will be reversed, and the cause remanded to that court for a new trial.