## PROPERTY USED IN TRANSPORTATION OF THE MAILS SUBJECT TO TAXATION BY THE STATE.

Court of Appeals for Hamilton County. .

R. Y. WOODLIEF v. WILLIAM A. HOPKINS, TREASURER.

Decided, March 1, 1915.

*Taxation—Agencies of the Federal Government Subject to Taxation— Where the Tax Does Not Obstruct Their Operations.*

The horses, wagons, etc., used by one under contract to transport the mails from the post office of a municipality to the various sub-stations and railway depots, are not exempt from taxation by reason of the fact that it is property used exclusively in the service of the federal government.

*McNeill & Thompson,* for plaintiff in error.

*John V. Campbell,* Prosecuting Attorney, and *Louis H. Capelle,* Assistant Prosecuting Attorney, contra.

GORMAN, J.; JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.

This is a proceeding in error to reverse a judgment of the court of common pleas. The action below was one to recover judgment for taxes claimed by the state to be due and payable from the plaintiff in error, R. Y. Woodlief, for the year 1909, and amounting to $44.48, as shown by the tax duplicate of that year. The taxes levied were upon certain horses, wagons and harness owned by the plaintiff in error and exclusively used by him in the transportation of the United States mails from the various railroad stations, depots, and to and from the substations of the Cincinnati post office.

The facts in the case disclose that during the year for which these taxes are claimed the plaintiff in error, Woodlief, had a contract with the United States Government to carry the mail in wagons to and from certain points as the postmaster of the city of Cincinnati should direct. The record further shows that

the government of the United States prescribed the kind of wagons to be used, the materials out of which they were to be made and the use to which they would be put, and also prescribed the kind of horses to be used, their size, age and color, and also prescribed the drivers of the wagons and the number of persons who would be permitted to ride upon the wagons; and in general laid down and specified very strict regulations and rules to govern the plaintiff in error, Woodlief, in the carrying of the mails.

Woodlief was an independent contractor and entered into an agreement to do the carrying of the mail for a period of years for a specified sum. The wagons and horses and the drivers were put under the direction and control of the postmaster but not in his possession. Woodlief kept the wagons, harness and horses upon his own premises in his own stable at 617 West Third street and he himself resided at 632 West Fourth street in this city. He bought all the horses and wagons and harness; the title was in him and in no other person. He was a resident of Hamilton county during the year 1909; the horses were fed by him at his own expense, and cared for, cleaned and stabled by him. The wagons were cleaned and taken care of by Woodlief at his own expense, and the harness also. It is claimed by counsel for Woodlief that because he was an agent of the United States Government and carried the mail, although an independent contractor performing services for the government, and because the property is used exclusively in the service of the government it is exempt from taxation under the laws of the state or, to put it in another way, that the state and state authorities have no power to levy a tax upon this property, and that therefore the judgment of the court below was erroneous in finding in favor of the state and against the plaintiff in error.

By the provisions of Section 5325, General Code, the term "personal property" includes every tangible thing being the subject of ownership, whether animate or inanimate,, other than money, and not forming part of a parcel of real property, as hereinbefore defined.

Section 5328, General Code, among other things provides that all personal property in this state belonging to individuals or corporations and of persons residing in this state shall be subject to taxation, except only such property as may be expressly exempted therefrom. And further, that such property subject to taxation shall be listed as taxable property.

Section 5370, General Code, among other things provides that each person of full age and sound mind shall list the personal property of which he is the owner, etc.

Section 5372, General Code, among other things provides that personal property of every description, etc., shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April of each year, etc.

This property, therefore, from its description is subject to taxation in Ohio, unless the contention of the plaintiff in error is sound that because of the fact that it is used exclusively in the service of the federal government by Woodlief, an agent of the federal government, it is exempt from taxation.

There has been attached to the bill of exceptions a printed pamphlet of the post office department of the United States Government laying down the instructions, rules and regulations to govern the bidders upon mail contracts or contracts for the carriage of mail. But we do not think it necessary to quote from these regulations and instructions further than to say that they are prepared and distributed for the benefit of those who contemplate entering into contracts with the government for the carriage of the mails, and that they prescribe the kind of wagons, horses and harness very minutely, and the character of the person to use these agencies and that they shall be under the direction and control of the postmaster.

We are of the opinion that this case comes within the rule laid down in *Union Pacific Railroad Company* v. *Peniston*, 18 Wallace, page 5. The first paragraph of the syllabus of said case reads as follows:

"The exemption of agencies of the federal government from taxation by the states is dependent not upon the nature of the

agents, nor upon the mode of their constitution, nor upon the fact that they are agents, but upon the effect of the tax; that is, upon the question whether the tax does in truth deprive them of power to serve the government as they were intended to serve it, or hinder the efficient exercise of their power. A tax upon their *property* merely, having no such necessary effect, and leaving them free to discharge the duties they have undertaken to perform, may be rightfully laid by the states. A tax upon their *operations* being a direct obstruction to the exercise of federal power may not be."

In this case it appears the state of Nebraska had passed a law providing for a tax upon the Union Pacific Railroad Company, which was chartered by Congress, and which had property given to it by Congress, and was obligated by its charter to carry the mails of the federal government, to transmit messages over its telegraph lines and whenever called upon, to transport federal troops, munitions of war and supplies and public stores of all kinds, upon the said railroad, for the federal government. It was urged in this case that because the railroad company was an agent of the federal government and engaged in the government service, therefore its property was exempt from taxation. The Supreme Court, Justice Strong delivering the opinion, held otherwise, and on pages 30-31 of this report employed the following language:

"It can not be that a state tax which remotely affects the efficient exercise of a federal power is for that reason alone inhibited by the Constitution. To hold that would be to deny to the states all power to tax persons or property."

And on page 32:

"Notwithstanding this, the railroad and the telegraph line are neither in whole nor in part the property of the government. The ownership is in the complainants, a private corporation, though existing for the performance of public duties. The government owns none of its stock, and though it may appoint two of the directors, the right thus to appoint is plainly reserved for the sole purpose of enabling the enforcement of the engagements which the company assumed, to which we have already alluded."

And on page 33, the following language:

"Yet, as we have said, a state tax upon the property of the company, its road-bed, rolling-stock and personalty in general, was ruled by this court not to be in conflict with the Federal Constitution. It may, therefore, be considered as settled that no constitutional implications prohibit a state tax upon the property of an agent of the government merely because it is the property of such an agent. A contrary doctrine would greatly embarrass the states in the collection of their necessary revenue without any corresponding advantage to the United States."

In *Cooley on Taxation,* 3d Edition, page 133, Section 3, under the title of "Federal Agencies," we find this language:

"And the state may tax the property of federal agencies with other property in the state, and as other property is taxed, when no law of Congress forbids, and when the effect of the taxation will not be to defeat or hinder the operations of the national government. A different rule, as has been well said, 'would remove from the reach of state taxation all property of every agent of the government. Every corporation engaged in the transportation of mails or of government property of every description, by land or water, or in supplying materials for the use of the government, or in performing any service of whatever kind, might claim the benefit of the exemption,' and the effect would be to embarrass and injure the state to the benefit of individuals rather than of the nation."   Citing *State* v. *Thomas Cruse Savings Bank*, 21 Mont., 50; *Thompson* v. *Pacific R. Co.*, 9 Wall., 579, 591; *Railroad Co.* v. *Peniston,* 18 Wall., 5.

In this case we are of the opinion that the imposition of the tax on the personal property of the plaintiff in error Woodlief, although that property is exclusively devoted to the service of the United States Government in carrying the mail, neither inhibits, interferes with or prevents the service to the government by Woodlief. The property belongs to him, it is located in this state, the place of his residence, and we see no reason why this property should be exempt from taxation any more than any other property of any other citizen or resident of

the state. There is no law either of Congress or of the state which exempts this property from taxation.

We have given careful consideration to the cases cited by counsel for plaintiff in error, and we do not believe that these cases sustain his contention. The case of *McCullough* v. *Maryland,* 4 Wheaton, 316, which is the leading case on that question in this country, merely held that it was unconstitutional to levy a tax upon the circulating medium of the United States Bank, because the effect of that was to prevent the bank from transacting business in the state of Maryland if it failed to comply with the requirements of the law to pay the tax.

We are of the opinion that the judgment of the court of common pleas was sustained by the evidence and the law, and the same is affirmed.