ENTERPRISE ROOFING & SHEET METAL CO., INC., APPELLEE, *v.* HOWARD INVESTMENT CORP., APPELLANT.

(No. 2437—Decided October 3, 1957.)

*Messrs. Jacobson, Durst, Pollak & Jacobson,* for appellee.
*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Gordon H. Savage,* for appellant.

*Per Curiam.* This is an appeal from a judgment of the Municipal Court of Dayton, for the plaintiff against the defendant in the sum of $1,548, being the sum of $1,390 with interest to date of judgment. The action was for work and labor performed and materials furnished under a written contract based upon a letter from plaintiff to defendant which was accepted by the defendant.

In the contract, plaintiff proposed to do the following work upon the premises at 224-226 South Main Street, Dayton, Ohio, for the sum of $1,390:

"1. We will sweep clean the roof and remove all buckles and bad places, then we will apply two 15-pound felts hot mopped to south section complete with composition flashing on adjoining walls.

"2. Over the rest of the building we will apply a coating of hot asphalt and will fix any necessary breaks in felt by patching to insure against leaking.

"3. Also we will clean all of the dirt out of the gutters and repair them with plastic and membrane so that they will not leak.

"4. We will repair cracks in concrete on penthouse walls and chimneys and tile coping with cement and sand, to make watertight and not allow any further deterioration to the building.

"5. Assuring you that all of the above work will be done to your satisfaction.

"6. We will do the above work for the sum of one thousand, three hundred, ninety dollars ($1,390)." (Numbering supplied.)

The defendant, by amended answer, generally denied the averments of the petition and specifically denied that the roofing work was properly performed by the plaintiff. Defendant also counterclaimed for damages claimed to have resulted from the improper performance of the work to be done under the contract, praying for $495, by reason of leakage in the roof and

in the building, and for $790, the necessary cost of repair and replacing the roofing work done by plaintiff. Plaintiff answered to the counterclaim, admitting its agreement to perform the work as set out in the contract and averring that it did all the work agreed satisfactorily, and admitting that it made numerous trips back to the premises at 224-226 South Main Street, "but the defendant was arbitrary, unreasonable, and capricious in its demands and impossible to satisfy."

The trial judge rendered a written decision, and thereafter, upon application of defendant, separately stated his findings of fact and conclusions of law. In the findings of fact the court found that the work to be performed under the contract had been completed in a workmanlike manner and in accordance with exhibit 1, which was the contract; "that defendant failed to establish any damage to the building resulting from plaintiff's alleged improper workmanship and defendant's counterclaim wholly fails"; that plaintiff did all things and more to satisfy defendant and made numerous trips to defendant's premises; and that defendant was not acting in good faith in his complaints but "was arbitrary, and unreasonable in his demands for satisfaction."

The court concluded that plaintiff was entitled to judgment in the full amount claimed, with interest, and that the defandant was not entitled to recover.

Appellant assigns three errors:

1. The trial court erred in its separate findings of fact in that said findings of fact are not supported by the evidence in the case.

2. The judgment for the plaintiff on plaintiff's petition and against defendant's counterclaim is contrary to law.

3. The judgment for plaintiff on plaintiff's petition and against defendant's counter-claim is against the manifest weight of the evidence.

We consider the findings of fact in the light of the decision of the trial judge. *Andrews, Jr.,* v. *Board of Liquor Control,* 164 Ohio St., 275, 131 N. E. (2d), 390.

It is basic that, where the plaintiff is suing upon its contract and alleging performance which is denied, it is incumbent upon the plaintiff to prove performance, at least substantially,

of the contract according to its terms. *List & Son Co.* v. *Chase*, 80 Ohio St., 42, 88 N. E., 120; *J. A. Wigmore Co.* v. *Chapman*, 113 Ohio St., 682, 150 N. E., 752; *Metropolitan Life Ins. Co.* v. *Hillard*, 2 Ohio App., 223.

The formal finding of fact, as it relates to the issue drawn on plaintiff's cause of action, is general to the effect that the work was done in a workmanlike manner and in accordance with the contract. The decision does not make any specific finding of full performance of the specifications of the contract, and apparently tested the evidence as though the burden was upon the defendant upon this issue. The facts, as stated in the second paragraph of the findings, are not supported by the evidence. The statement that there is no evidence that any of the work was not done is incorrect, as is the finding that "the witness could not state where the water came from * * *." The finding is unsupported that Mr. Daum stated emphatically that the things set out in the contract had been completed. His testimony was that he did not know the terms of the contract, nor could be say that the roof did not leak.

The finding that there is no evidence of a material fact is quite different from adjudicating that the proof fails as to that fact. The finding seems to be largely based upon negative proof, whereas the obligation was upon the plaintiff to affirmatively prove performance of each of the five specific items which it agreed to perform by the proposal in its letter. It was also obligated to establish, by the requisite degree of proof, that performance was done to the satisfaction of the defendant, who was required to appraise the work as a reasonable man would do. *Clewell* v. *Toledo Metal Sign & Advertising Co.*, 22 C. C. (N. S.), 552, 34 C. D., 40; *Ashley* v. *Henahan*, 56 Ohio St., 559, 570, 47 N. E., 573; *Wicker* v. *Messinger*, 22 C. C., 712, 12 C. D., 425. This proof was peculiarly within the knowledge of plaintiff and its employees on the job.

Because of the uncertainty and inaccuracy of the findings of fact, we can not safely support this judgment.

The first assignment of error is well made. We can not, upon the state of the record, pass intelligently upon the second and third assignments.

The judgment will be reversed and the cause remanded for

a new trial upon the issues presented by the petition and answer thereto, and the counterclaim and answer thereto.

*Judgment reversed.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.