381 F.2d 719
 Dorothy Caperton WILLIAMSON, Hugh Caperton, L. Allan Caperton, and Dorothy Caperton Williamson and John H. Caperton, Co-Executors of the Estate of Dorothy B. Caperton, Deceased, Plaintiffs-Appellees,
v.
WILBUR-ROGERS, INC., Defendant-Appellant.
 No. 17294.
 United States Court of Appeals Sixth Circuit.
 September 11, 1967.
 
 M. Brooks Senn, Louisville, Ky. (Howard Gould, Cincinnati, Ohio, John E. Tarrant, Louisville, Ky., on the brief; Gould & Reichert, Cincinnati, Ohio, Bullitt, Dawson & Tarrant, Louisville, Ky., of counsel), for appellant.
 Robert G. Breetz, Louisville, Ky. (J. Royden Peabody, Jr., Stites, Peabody & Helm, Louisville, Ky., on the brief), for appellees.
 Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In June, 1945, the building at 554-562 South Fourth Street in Louisville, Kentucky, was leased by plaintiffs to a New York partnership operating the Ann Lewis apparel shop. The lease, which covered a period ending January 31, 1966, was later assigned to Ann Lewis Shops, Inc., a Delaware corporation organized by the members of the previous partnership. In November, 1950, with the consent of the plaintiffs, Ann Lewis Shops, Inc., assigned its rights as tenant to another Delaware corporation, 554 South Fourth Street Corporation, which in turn agreed to assume all of the previous tenant's obligations under the lease. The Fourth Street Corp. continued the operation of an apparel shop on the premises.
 
 
 2
 In July, 1953, Wilbur-Rogers, Inc. purchased all the capital stock of Fourth Street Corp., but did not merge Fourth Street with Wilbur-Rogers. Instead, it continued the apparel business in the same location, with the name changed to Wilbur-Rogers, a trade name it allowed Fourth Street Corp. to use. This business continued until June, 1961, when Fourth Street Corp. closed the store and vacated the leased premises. Plaintiffs instituted an action in the District Court to recover the rent due and to become due under the provisions of the lease until the end of the term thereof. The suit named Wilbur-Rogers and Fourth Street Corp. as defendants and the District Court granted summary judgment against both corporations. Only Wilbur-Rogers, Inc. has appealed from that judgment.
 
 
 3
 Plaintiffs claim that Wilbur-Rogers, Inc. must be held liable for the balance of the rent due despite the fact that it was not a party to the original lease or any of the subsequent assignments. The basis of this claim is the allegation that the Fourth Street Corp. operated the store for the sole benefit of its parent, Wilbur-Rogers, and was, in reality, its alter ego. This relationship is allegedly demonstrated by the use of the Wilbur-Rogers name, the payment of rent from the Wilbur-Rogers office, Wilbur-Rogers' payment of insurance on the premises and merchandise, and by a letter concerning structural repairs written by Wilbur-Rogers' Assistant Treasurer.
 
 
 4
 Wilbur-Rogers asserts that its position should be considered no differently than that of the ordinary stockholder of a corporation; that is, its existence is completely separate and its liability for corporate debts extends only to its stock investment. It claims that it acted in accord with trade practice in serving Fourth Street Corp. as a "fiscal agent" in handling its accounts and insurance and that any surplus revenues accrued solely to Fourth Street. Not only was Wilbur-Rogers, Inc. never a party to the lease, but it was not a party to the agreement between plaintiffs' agent and Fourth Street on June 14, 1961, by which Fourth Street assigned to plaintiffs two subleases it held on parts of the leased premises in order to mitigate damages caused when Fourth Street vacated. In that agreement, only Fourth Street Corp. was designated as tenant. Wilbur-Rogers further claims that plaintiffs knew of its relationship with its subsidiary; that plaintiffs never looked to it as the party liable under the lease and assignment and did not extend credit to it, but relied on the written instruments, and that plaintiffs were not misled and no fraud was perpetrated on them.
 
 
 5
 From these facts, it is clear that liability of Wilbur-Rogers for the rent can only be determined fairly in a plenary hearing. To invoke the alter ego concept, or "pierce the corporate veil", requires a careful study of the wrong supposedly achieved under cover of the corporate shell. Although the facts here are not in dispute, nevertheless, the crucial inferences from those facts are by no means absolutely clear, especially when viewed in the light most favorable to Wilbur-Rogers, as required by Rule 56 F.R.Civ.P. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). This is particularly clear when it is emphasized that Fourth Street Corp. was an existing entity conducting a going business when its stock was purchased by Wilbur-Rogers. It was not a newly-created corporation established by Wilbur-Rogers solely to carry on some part of Wilbur-Rogers' own pre-existing business activity as is so often the case in such situations.
 
 
 6
 As this Court has noted before, a trial judge should be slow to dispose of a case involving such a degree of complexity where questions of motivation or fraud may be at issue and parties should normally be allowed to develop their cases by witnesses at trial. S. J. Groves & Sons Co. v. Ohio Turnpike Commission, 315 F.2d 235, 237 (6th Cir. 1963). See also Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425 (6th Cir. 1962). In this case there is the additional problem of finding the records and personnel of both defendants, which apparently were dissolved soon after the vacation of the Fourth Street premises. Thus, the materials adduced at the hearing on the plaintiffs' motion for summary judgment may well be supplemented at trial by oral testimony which will clarify the intentions and understanding of the parties.
 
 
 7
 The decision of the District Court is reversed and the cause remanded for further proceedings consistent with this opinion.