**MARMET CORPORATION, Plaintiff-Appellant,**

v.

**FRANK BRISCOE CO. et al., Defendants-Appellees.**

Nos. 17276, 17277.

United States Court of Appeals
Sixth Circuit.

Sept. 18, 1967.

COMBS, Circuit Judge.

Defendants-appellees, Frank Briscoe Co. and Huber, Hunt & Nichols,[1] are the general contractors for the construction of a new Federal Office Building in Cleveland, Ohio.

Plaintiff-appellant, Marmet Corporation, is a subcontractor to fabricate and install the curtain wall of the building. Curtain wall consists of lightweight metal panels which are fitted to the skeletal frame of the building.

The subcontract was executed in March, 1964. By late October, 1965, Marmet was behind schedule in the performance of its contract and, on October 29, 1965, Briscoe notified Marmet in writing that it was terminating Marmet's contract as of November 5, 1965, and would take over the job and complete it. At the time of the termination, Marmet had on the job site materials of the approximate value of $500,000.00. These materials were appropriated by Briscoe for use in completing the job.

The contract provides in part:

"If in the opinion of the Contractor, the Subcontractor shall not have made adequate provision for the prompt and faithful performance of this contract, or if the Subcontractor shall fall behind in his portion of the work so as to prejudice the probability of the Contractor being able to finish the job at the time required, * * * then and in such event, it shall be lawful for the Contractor to terminate Subcontractor's right to proceed with the work or with such part thereof as to which there has been delay or improper performance, and to proceed to finish the same by contract, by himself or otherwise, with the right to retain the damages thereby occasioned him out of any moneys in his hands due the Subcontractor, or to sue for any loss which he may have in the premises, or the Contractor, if he so elects, shall have the right to furnish such labor and material as may be needed, at the expense of the Subcontractor, without so

George I. Meisel, Cleveland, Ohio, Squire, Sanders & Dempsey, James C. Davis, Cleveland, Ohio, on brief, Alan P. Buchmann, Cleveland, Ohio, Moore, Costello & Hart, B. Warren Hart, St. Paul, Minn., of counsel, for appellant.

Smith Warder, Cleveland, Ohio, Arter, Hadden, Wykoff & Van Duzer, Ashley M. Van Duzer, Latham W. Murfey, Jr., Cleveland, Ohio, Levy, McCloskey & Schlesinger, Newark, N. J., on brief, for appellees.

Before EDWARDS, CELEBREZZE and COMBS, Circuit Judges.

I. Hereafter called Briscoe.

terminating said contract. [Longhand insert:] An improper exercise of the opinion of the contractor hereunder shall not relieve the contractor from responding to Subcontractor for damages therefor. [End of longhand addition]. In either event, the Contractor shall have the right to enter upon the premises and demand possession of the job of completing or, having completed the work included under this contract, of all the materials, tools and appliances belonging to the Subcontractor and, for this purpose, this agreement shall be construed as an assignment by the Subcontractor to the Contractor, of all such materials, tools and appliances. Contractor, in any such event, may refrain from making any further payments under this agreement to Subcontractor until the entire project shall be fully finished and accepted by the Owner, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the Contractor in finishing this work and the damages sustained by Contractor as the result of Subcontractor's default, such excess shall be paid by the Contractor to the Subcontractor, but if such expenses and damages shall exceed such unpaid balance, Subcontractor hereby agrees to promptly pay the difference to the Contractor. If Contractor does not terminate the right of Subcontractor to proceed, Subcontractor shall continue with the balance of the work."

This action was filed by Marmet on November 5, 1965, in the name of the United States of America to the use of Marmet, apparently in the belief that Marmet was entitled to relief under the Miller Act, 40 U.S.C. § 270b(a).[2]

The prayer of the complaint is that Briscoe be enjoined from using the materials which Marmet had placed on the job site, and for judgment against Briscoe in the amount of $1,250,000.00. Marmet also filed motion for preliminary injunction to restrain Briscoe from using its materials.

At the hearing on Marmet's motion for preliminary injunction, the court heard two witnesses. Marmet introduced its project engineer, Cramer; Briscoe placed on the stand its vice president, Schmidt. Cramer's testimony, in brief, was that the basic structure of the building had not been completed according to specifications and because of the deviation Marmet had been unable to install the curtain wall. Schmidt testified, in effect, that the building was ready to receive the curtain wall and that the delay by Marmet was unjustified.

At the conclusion of the hearing the District Judge painted with a broad brush. In detailed findings of fact and conclusions of law, he held "that under no set of facts presently possible can the complainant Marmet be entitled to any relief from the defendants" and dismissed the complaint.

We think the judgment goes too far. It is apparent from examination of the record that Marmet's counsel did not come to the hearing prepared to try the case on its merits. The pending motion was for a preliminary injunction. No motion to dismiss or for summary judgment had been filed, and even counsel for defendants apparently were surprised when the Judge announced his decision on the merits of the entire case. We mention this only as an aside because it is unusual indeed when a lawyer gets more than he asks for.

---

**2.** 40 U.S.C. § 270b(a): Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: * * *.

■ The court very properly held that Marmet was not entitled to an injunction. The contract specifically provides that Briscoe has the right to use all the material, tools and appliances "belonging to the Subcontractor" in order to complete the job. Moreover, it was admitted by counsel for Marmet that these materials had been tailor-made for this particular job and had little value for any other purpose.

■ The District Judge obviously was right, too, in his finding that the attempt to invoke the provisions of the Miller Act was premature. A suit for relief under that Act may not be commenced until the expiration of ninety days from the date when the last work was performed, and then only after due notice. The last work done by Marmet was on November 6, 1965, and this suit was filed the preceding day.

■ It is our view, however, that Marmet is entitled to a trial on the merits of its case for damages. It is true that Briscoe had the right to terminate the contract and take over the job when, in Briscoe's opinion, Marmet was in default. But, the contract also provides, by longhand insert, that "an improper exercise of the opinion of the contractor hereunder shall not relieve the contractor from responding to Subcontractor for damages therefor."

Briscoe could not with impunity capriciously or arbitrarily terminate the contract. Briscoe's decision to terminate was subject to the reasonable man rule laid down in cases like Ward v. Flex-O-Tube Co., 194 F.2d 500 (6th Cir. 1952); Enterprise Roofing & Sheet Metal Co. v. Howard Investment Corp., 105 Ohio App. 502, 152 N.E.2d 807, 6 Ohio O.2d 232 (1957); Bellevue Farmers' Grain Co. v. Fronizer, 25 Ohio Cir.Ct.R., N.S., 151, 35 Ohio Cir.Dec. 213, aff'd without op., 90 Ohio St. 446, 108 N.E. 1120 (1914); Schatzinger v. Lake View Land & Improvement Co., 13 Ohio Cir.Ct., N.S. 410, 23 Ohio Cir.Dec. 247, aff'd without op., 87 Ohio St. 505, 102 N.E. 1126 (1912).

In the cases just cited the key phrase in the contracts involved stated that performance was to be "to the satisfaction of the contractor"; here the key phrase is "in the opinion of the contractor." The difference in wording, however, does not permit the application of a different rule, especially, in view of the longhand insert in the contract that an improper exercise of the contractor's opinion shall not relieve him from responding in damages.

■ The District Judge makes the point that there is no allegation in the complaint that Briscoe acted capriciously. It was alleged in the complaint, however, that Briscoe had breached the contract and that his action was "wholly unjustified, without good and sufficient legal cause." This was sufficient. See 2A Moore, Federal Practice § 813, at 1696 (2d ed. 1962).

■ Prompt disposition of litigation is certainly to be desired, and the use of proceedings which cut through procedural technicalities and expedite the trial of cases should be encouraged. Even so, the right of every litigant to his day in court cannot be sacrificed on the altar of prompt disposition.

The Judge's findings and conclusions ultimately may be proven to be correct. As of now, however, those findings are premature which go beyond that which is necessary to dispose of the motion for injunction and the finding that proceedings under the Miller Act are premature.

■ A sharp factual issue is presented by Marmet's contention that it had been unable to install the curtain wall because the building had not been constructed according to specifications. It is entitled to an opportunity to develop that issue. The situation is analogous to the one in S. J. Grove & Sons Company v. Ohio Turnpike Commission, 315 F.2d 235 (6th Cir. 1963), cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963). This Court said in that case, "a trial judge should be slow in disposing

of a case of any complexity on a motion for summary judgment, * * * a party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one. [Citing cases.]" See also Williamson v. Wilbur-Rogers, Inc., 381 F.2d 719 (6th Cir. 1967), decided September 11, 1967.

Marmet had tendered an amended complaint which omitted any claim for equitable relief or for relief under the Miller Act. The Judge should have permitted the amended complaint to be filed.

Reversed and remanded for proceedings consistent with this opinion.