NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3618
_____

UNITED STATES OF AMERICA

v.

ROMEL WILSON,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00257-001)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted under Third Circuit LAR 34.1(a)
on July 9, 2019

Before: MCKEE, ROTH and RENDELL, Circuit Judges

(Opinion filed February 3, 2020)

_____

OPINION*

_____

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Romel Wilson appeals the sentence imposed by the United States District Court for the Western District of Pennsylvania. For the reasons that follow, we will affirm.

**I**

In April 2015, Wilson was arrested after selling crack cocaine and a mixture of heroin and fentanyl to an undercover Pittsburgh police officer, posing as a drug user. A search of Wilson's vehicle uncovered two more bags of crack cocaine and $636 in addition to the buy money. Wilson was originally charged in state court. In connection with the same conduct, he was later indicted in federal court for possession with intent to distribute heroin, fentanyl, and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In December 2015, following his federal indictment and the issuance of a federal arrest warrant, law enforcement officials decided to serve Wilson's arrest warrant during another undercover buy. Wilson was arrested upon arriving at the location of the undercover buy.[1]

Wilson pled guilty to possession with intent to distribute heroin, fentanyl, and cocaine base. At the time he pled guilty, Wilson had four prior drug distribution convictions for possession with intent to deliver heroin and cocaine under 35 Pa. Stat. Ann. § 780-113(a)(30). As a result, the Presentence Report (PSR) characterized him as a "career offender" within the meaning of United States Sentencing Guidelines § 4B1.1. Based on his total offense level of 31 and his criminal history category of VI, the Guidelines range was calculated as 188 to 235 months' imprisonment.

---

[1] The Commonwealth of Pennsylvania nolle prossed all state charges against Wilson once the federal case was initiated.

Wilson expressed two main objections to the PSR: the factual descriptions of his prior convictions and his career-offender classification. Claiming the Guidelines range was "patently unreasonable," Wilson moved for a downward departure for the alleged overstatement of his criminal history, arguing that his previous convictions were both non-violent and low-level. He also requested a downward variance, asking for a 96-month sentence while the government sought a sentence within the Guidelines range of 188 to 235 months.

A sentencing hearing was held in November 2017. The District Court overruled Wilson's objections to the factual summaries in the PSR criminal history section and his career-offender designation. The court, however, did grant his requests for a downward departure, reducing his criminal history category from VI to V, and a downward variance in his offense level from 31 to 27, based on overstatement of his criminal history. His resulting Guidelines range was 120 to 150 months. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the District Court imposed a sentence of 120 months, at the bottom of the range.

In imposing the sentence, the District Court discussed Wilson's history and characteristics, describing him as a "mixed bag" of bad and good.[2] The court also emphasized deterrence, noting that "it does seem that there isn't much that deters you from selling . . .. No amount of supervision, no threat of prosecution hanging over your head."[3]

---

[2] App. 223-24.
[3] App. 225.

At the conclusion of the sentencing hearing, Wilson's counsel objected generally to the sentence as being "substantively or procedurally unreasonable."[4] Wilson appealed.

## II[5]

The parties disagree about the appropriate standard of appellate review. While Wilson contends that de novo review applies to his due process argument, the government maintains he never preserved the issue and thus faces plain error review. The government is correct. Our case law makes clear that an objection must be sufficiently specific to serve notice as to the underlying basis for the objection.[6] Defense counsel's objection was fatally vague. Where, as here, an objection is not preserved at sentencing, we review only for plain error.[7] Under this standard, Wilson bears the burden of showing that an error (1) was made, (2) is clear or obvious, and (3) affects his substantial rights.[8] Even if all three conditions are met, we exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."[9]

---

[4] App. 231.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[6] *United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998).

[7] Fed. R. Crim. P. 52(b) provides that, in the absence of proper preservation, plain error review applies. The Supreme Court has held that appellate courts can review unpreserved objections for plain error only. *United States v. Olano*, 507 U.S. 725, 731-33 (1993).

[8] *United States v. Miller*, 833 F.3d 274, 283 (3d Cir. 2016); *see also Olano*, 507 U.S. at 734 ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'").

[9] *United States v. Mateo-Medina*, 845 F.3d 546, 550 (3d Cir. 2017) (citing *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008)).

On the other hand, Wilson preserved his challenge to his career-offender designation. We exercise plenary review over objections to career-offender enhancements.[10]

### III

### A

Under the Due Process Clause, a defendant cannot be deprived of liberty based upon mere speculation.[11] We have applied this principle in numerous cases, including *United States v. Berry*,[12] upon which Wilson relies to argue that the court erred by speculating that incarceration deters drug trafficking and that his incapacitation would protect the community. In *Berry*, we found plain error where the sentencing court explicitly relied on unsupported speculation drawn from the defendants' bare arrest records.[13]

Wilson argues that, just as the court in *Berry* improperly relied on unfounded speculation, here too, the District Court erred by relying on an inaccurate understanding of Wilson's apparent failure to be deterred from drug trafficking. The government counters by pointing out that the District Court relied on information concerning Wilson as an individual, not on general statistics regarding drug traffickers. The government also

---

[10] *See United States v. Glass*, 904 F.3d 319, 321 (3d Cir. 2018).
[11] *United States v. Ferguson*, 876 F. 3d 512, 515 (3d Cir. 2017).
[12] 553 F.3d 273 (3d Cir. 2009).
[13] *Id.* at 281.

cited *United States v. Ferguson*,[14] where we clarified the difference between improper *reliance* on information and acceptable *reference* to it.[15]

To show plain error, Wilson must be able to "bridge the gap between reference and reliance."[16] He is unable to do so. Although the District Court referred to deterrence, its sentencing decision was based on Wilson's personal history of recidivism, not on general information from empirical studies. Moreover, earlier in the hearing, when the government speculated about the amount of heroin Wilson may have previously distributed, the District Court pushed back: "I can really only base my decision on what he's here for and his criminal history."[17]

Wilson has failed to demonstrate that the District Court relied on speculative information in violation of his due process rights.

**B**

Wilson also challenges his sentence on the ground that the District Court improperly designated him a "career offender" under Section 4B1.1 of the Guidelines based on his prior controlled substance convictions. Our recent decision in *United States v. Daniels*[18] forecloses this argument.

Wilson's status as a career offender is dictated by his criminal record, which includes four prior felony drug-trafficking convictions in Pennsylvania in violation of §

---

[14] 876 F.3d 512 (3d Cir. 2017).
[15] *Id.* at 516.
[16] *Id.* at 517.
[17] App. 209.
[18] 915 F.3d 148 (3d Cir. 2019).

780-113(a)(30).[19]  Wilson contends that those convictions do not qualify as career-offender predicates because a violation of § 780-113(a)(30) is broader than the generic definition of "controlled substance offense" under the Guidelines.  Wilson's argument fails.

In *United States v. Daniels*, we addressed whether a conviction under § 780-113(a)(30) constituted a predicate "serious drug offense" for purposes of the Armed Career Criminal Act (ACCA).[20]  We held that it did—that the ACCA's definition of a "serious drug offense" encompasses attempts to manufacture, distribute, or possess with intent to manufacture or distribute a controlled substance—and affirmed the district court's sentence.[21]  The same result applies here.

Wilson contends *Commonwealth v. Donahue*, a Pennsylvania Superior Court case, supports his argument that § 780-113(a)(30) criminalizes a "mere offer to sell drugs," and accordingly, that a Pennsylvania conviction for delivery of a controlled substance is broader than the Guidelines' definition of a "controlled substance offense."  But this Court in *Daniels* rejected that very argument.[22]  In light of *Daniels*, we hold that the District Court correctly designated Wilson a "career offender" under the Guidelines.

**IV**

For the above reasons, we will affirm the judgment of the District Court.

---

[19] The statute outlaws "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . or knowingly creating, delivering, or possessing with intent to deliver, a counterfeit controlled substance."
[20] 915 F.3d at 149.
[21] *Id*.
[22] *Id.* at 164-65.

7